DOUGLASS CUNNINGHAM *v.* STATE OF MISSISSIPPI.

[39 South. Rep., 531.]

1. CRIMINAL LAW. *Instructions. Assumption of fact.*

Where, on the trial of a defendant charged with an assault with intent to kill and murder, the real point at issue was whether defendant shot at the prosecutor with intent to kill and murder him, or merely fired his gun to frighten prosecutor and cause him to desist from efforts to strike defendant, an instruction for the state which assumed that defendant shot at prosecutor was erroneous as assuming the pivotal point in issue.

2. SAME. *Homicide. Assault with intent to kill.*

Where, at the time accused fired his gun, prosecutor, armed with a stick, was chasing accused, with intent to beat him, in order to sustain a conviction of an assault with intent to kill and murder, the state must show that the gun was fired with intent to kill and with malice aforethought.

87 Miss.—27

FROM the circuit court of Lee county:

HON. JOHN QUITMAN ROBBINS, Special Judge.

Cunningham, the appellant, was indicted and tried for and convicted of an assault with intent to kill and murder one John Hoyle, and appealed to the supreme court.

The case was this: John Hoyle, armed with a stick, was pursuing appellant with the intention of giving him a whipping. After running some distance, appellant, who had a shotgun in his hand, turned and drew it as if to shoot. Hoyle thereupon jumped behind a wagon loaded with cotton, when appellant fired two shots and ran away. The trial court gave the following instruction for the state:

"No. 1. The court charges the jury that force may be used to resist force proportionate to the attack made; and although the jury may believe, from the evidence, that Hoyle made an unwarranted attack upon defendant with a stick, yet this did not of itself justify defendant in shooting at Hoyle with a gun or deadly weapon, unless the jury believe from the evidence, or have a reasonable doubt thereof, that the stick in Hoyle's hands was a deadly weapon."

*Anderson & Long,* for appellant.

All of the testimony is substantially to the effect that Hoyle jumped out of his buggy after a short conversation with appellant and grabbed a good-sized stick—about the size and length of a buggy whip—and ran appellant about one hundred yards before appellant, who had a gun in his hand all the time, attempted to defend himself in any way.

Had he actually shot and killed Hoyle, the most he could possibly have been guilty of would have been manslaughter. The most he could be guilty of under this indictment and proof would be an assault with intent to commit manslaughter, as held in *Haverson* v. *State,* 73 Miss., 810 (s.c., 19 South. Rep., 715). The testimony shows that appellant did not intend to kill Hoyle, or even to injure him.

When the first shot was fired, Hoyle was behind the wagon. Appellant drew his gun, but made no attempt whatever to shoot him, but waited to fire until Hoyle was behind the wagon, and did not shoot to hit him at either shot, and could not have shot him, because the wagon of cotton seed was between them. *Lott* v. *State,* 83 Miss., 609 (s.c., 36 South. Rep., 11).

The first instruction for the state is clearly wrong, as it virtually requires appellant, at the time when Hoyle was running him with a stick to give him a whipping, to keep on running; or, in case he decided to protect himself, to be certain whether the stick his antagonist had was a deadly weapon; and in case he thought it was, but was mistaken, then malice was implied, and he would be guilty of assault with intent to kill and murder. This is clearly not the law. *Eaverson* v. *State, supra; Beasley* v. *State,* 64 Miss., 518.

*J. N. Flowers,* assistant attorney-general, for appellee.

TRULY, J., delivered the opinion of the court.

The first instruction granted the state is fatally erroneous. It assumes as true and proven against the defendant the pivotal point of his defense—to wit, that he had shot "at Hoyle with a gun or deadly weapon." The theory of defense relied on by the defendant was that he did not at any time shoot "at Hoyle," but simply fired his gun in an effort to prevent the commission of an assault and battery, which Hoyle himself confesses he was at the time endeavoring to commit, upon the defendant.

Again, the instruction is in direct conflict with the third instruction granted the appellant, which correctly charged the jury, if they had a reasonable doubt as to whether the defendant "fired the gun at Hoyle, or fired it away from him to scare him and prevent him from catching and beating him," that they should then acquit. The undisputed facts of this record are that, at the time the gun was fired the first time, Hoyle, the prosecuting witness, armed with a stick, was chasing appellant with

intent to beat or thrash him.    Under this state of case, in order to sustain a conviction of the felony charged in the indictment, it was incumbent on the state to prove, not only that the gun was fired with intent to kill Hoyle, but that it was so fired with malice aforethought, and the instructions should have been framed accordingly.

*Reversed and remanded.*