TOLER *v.* STATE.*

(Division A. May 17, 1926.)

[108 So. 443. No. 25549.]

1. ASSAULT AND BATTERY.
   It is intent with which an assault is committed that raises it from misdemeanor to felony.

2. HOMICIDE. *Intent to murder may not be inferred from leveling of gun, but fact that defendant did not shoot, there being nothing to prevent, tends to negative existence of such intent.*
   Intent to murder may not be inferred from leveling of gun, but, on contrary, fact that defendant did not shoot or attempt to shoot, there being nothing to prevent, tends to negative existence of such intent.

3. HOMICIDE.

Evidence *held* insufficient to sustain conviction for assault with intent to kill and murder.

*Corpus Juris-Cyc References: Homicide, 30CJ, p. 20, n. 18; p. 22, n. 30; p. 319, n. 97.

APPEAL from circuit court of Smith county.

HON. W. L. CRANFORD, Judge.

John Toler was convicted of assault with intent to kill and murder, and he appeals. Reversed and remanded.

*H. M. McIntosh, Homer Currie* and *Hughes, Nobles·& Lane,* for appellant.

I. The court erred in not excluding the evidence for the state and granting the appellant a peremptory instruction. The testimony on the part of the state wholly fails to make out a case of assault with a deadly weapon with intent to kill and murder. The only witness for the state who attempted to testify to the alleged assault was the prosecuting witness, Mrs. Ward. She testified that the appellant passed her house riding in a Ford car, sitting on the opposite side from the house, and without getting out of the car "throwed" a shot gun on her over the steering wheel and over the arms of the driver.

Mrs. Ward gave absolutely no motive or reason for the alleged conduct of appellant. It is not shown that any words or statement was uttered or made by appellant at the time of the alleged assault, and neither before nor since. Under this statement of facts appellant could not be guilty of assault with intent to kill and murder.

At common law assault with a deadly weapon with intent to kill and murder was a misdemeanor, known sometimes as a great misdemeanor. In many states it has been made a felony by statute, while in some states it is

143 Miss.—7.

still a misdemeanor. In Mississippi it has been made a felony to assault one with a deadly weapon with intent to kill and murder. Section 771, Hemingway's Code, so provides. However, like every other felony, there must be an intent, a motive, a reason before there can be a felony committed, and a conviction therefor.

In *Hairston* v. *State,* 54 Miss. 689, the court held that the leveling of a gun or pistol did not constitute assault with a deadly weapon with intent to kill and murder. This case was a much stronger case on the facts for the state than the instant case.

II. The appellant submits that the first instruction given to the state is fatally defective. It leaves out the one essential word "intent." There can be no assault with intent to kill and murder without the present, existing, felonious intent. See 13 R. C. L. 799; 21 Cyc., p. 782; 54 Miss. 689; 37 Miss. 321; 39 Miss. 593.

Our contention that the state wholly failed to make out a case of assault with a deadly weapon with intent to kill and murder is supported by the fact that the statutes of our state have a law to cover just such cases as the state here offers. Section 773, Hemingway's Code, provides that the intentional pointing or aiming of a gun is a misdemeanor, punishable as a misdemeanor. While therefore the appellant might have been found guilty of a misdemeanor, if the testimony of the state was believed by the jury, under this section, a conviction cannot be sustained on this record under section 771.

III. Again the state wholly fails to show that the gun was loaded or otherwise capable of producing death. The great weight of authority supports this contention. 2 R. C. L., p. 535; *Vaughn* v. *State,* 3 S. & M. 553.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

I. The defendant moved the court for an instruction directing the jury to find the defendant not guilty. This

required the jury to acquit the defendant of assault with intent to kill and murder as charged in the indictment, as well as a simple assault. Viewing the testimony for the state most favorably for the defendant, he was guilty of a simple assault at least, and for this reason the motion was properly overruled.

II.  Appellant complains that instruction No. 1 for the state is erroneous in that it omits the word "intent." Counsel is correct in his statement of law that the felonious intent to kill and murder must be alleged in the indictment and proved as alleged.  I insist, however, that the instruction is good.  It instructs the jury that they must find that defendant attemped to shoot Mrs. Ward as alleged in the indictment.  The indictment properly alleged the intent.  *Jeff* v. *State,* 37 Miss. 321.

III.  In most of the reported cases where an assault was made but no battery, there was nothing to prevent defendant from making the battery.  Especially is this true in those cases where the assault was made with a gun and the gun was not discharged.  In the case at bar when Mrs. Ward saw appellant throw the gun on her when she was twenty feet away, she jumped into the house and in this way prevented the defendant from shooting her. He did wait and look for her some time afterwards, but she evaded him and he was prevented in this way from completing the commission of the crime against her.

Counsel for appellant insist that the burden of proving that the gun was loaded was upon the state.  The proof shows that defendant was carrying the gun as a protection against a threatened deadly assault.  In other words, his life had been threatened and he was carrying this gun to defend himself. This would perhaps be sufficient to prove the gun was loaded.

I have not been able to find a Mississippi case exactly in point.  The following cases, however, hold that wheth-

er or not the gun is loaded is a matter of defense and must be proved by the defendant after the state has proved an assault with the gun.  *Lockwood* v. *State,* 45 Tex. Crim. Rep. 87; *Crowe* v. *State,* 41 Tex. 468; *Burton* v. *State,* 3 Tex. App. 408; *Clarke* v. *State,* 106 Pac. 803; *Lipscomb* v. *State,* 130 Wis. 238; *Keefe* v. *State,* 19 Ark. 190; *State* v. *Cherry,* 33 N. C. 475; *State* v. *Goddard,* 11 Am. St. Rep. 830; *State* v. *Herron,* 12 Mont. 230.

The case ought to be affirmed.

Argued orally by *Geo. Nobles,* for appellant.

COOK, J., delivered the opinion of the court.

The appellant was convicted in the circuit court of Smith county on a charge of assault with intent to kill and murder, and was sentenced to the penitentiary for three years, and from this conviction and sentence this appeal was prosecuted.

The assault was alleged to have been committed upon Mrs. A. W. Ward, who lived with her husband about one mile from the home of the appellant and she is the only witness who testifies in regard to the facts of the alleged assault.  She testified that, on the day the assault was alleged to have been committed, the appellant and his son passed her house three times within the space of about two hours; that they were traveling in a Ford car driven by the son, the appellant having a shotgun in his hands; that on the third trip the driver of the car was next to the house, and the appellant was sitting by his side; that, when the car was in front of her house, the appellant directed his son to stop the car, and thereupon he pointed the gun over the steering wheel and arms of the driver at the witness, who was then standing on her front gallery near the door leading into the house; that she ran into the house and from there observed him for a few moments, and then took

her small child and went out the back door and proceeded to the home of a neighbor; that the car was standing in the road about twenty feet from her at the time the appellant aimed the gun at her, and that he said nothing to her.

At the conclusion of all the testimony the court refused to grant a peremptory instruction to acquit the appellant of an assault with intent to kill and murder. We think the refusal of this instruction was error. It appears from the testimony that there was nothing to prevent the appellant from shooting the prosecuting witness if he had desired and intended to kill or murder her. An intent to kill or murder is the gist of this offense, and it is the intent with which an assault is committed that raises it from a misdemeanor to a felony. An intent to murder may not be inferred from the mere fact of the leveling of a gun, but, on the contrary, the fact that the appellant did not shoot, or attempt to shoot, when there was nothing to prevent, tends to negative the existence of such an intent. In discussing this question in the case of *Hairston* v. *State,* 54 Miss. 689, 28 Am. Rep. 392, Judge CHALMERS said that:

"In a somewhat extensive examination of the books, we have found no case of a conviction of assault with intent to kill or murder, upon proof only of the leveling of a gun or pistol."

We are of the opinion that the testimony in this record is insufficient to sustain a conviction of assault with intent to kill and murder, and consequently the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*