## STATE v. MAY.*

(Division B.   May 30, 1927.)

[112 So. 866.   No. 26306.]

1. HOMICIDE. *Indictment charging shooting with intent to kill and murder constituted attempt to charge assault with deadly weapon with intent to kill and murder (Hemingway's Code, section 771).*

   Indictment founded on Code 1906, section 1043 (Hemingway's Code, section 771), charging defendant with unlawfully, feloniously, and willfully shooting at another with a pistol with intent to kill and murder, *held* an attempt to charge crime of assault with deadly weapon with intent to kill and murder, which constitutes felony and not a misdemeanor.

2. HOMICIDE. *Indictment charging assault with deadly weapon with intent to kill and murder must allege felonious intent (Hemingway's Code, section 771).*

   Indictment, in order to sufficiently charge felony under Code 1906, section 1043 (Hemingway's Code, section 771), for assault with a deadly weapon, with intent to kill and murder, must charge that shooting was done with felonious intent to kill and murder.

3. HOMICIDE. *Indictment alleging unlawful shooting with intent to kill and murder, with malice aforethought, held to sufficiently charge shooting with felonious intent (Hemingway's Code, section 771).*

   Indictment under Code 1906, section 1043 (Hemingway's Code, section 771), charging shooting at another with intent to kill and murder, and alleging that shooting was done unlawfully, with malice aforethought, feloniously, and willfully, with intent to kill and murder, *held* to sufficiently charge that shooting was done with felonious intent to kill and murder, in that charge shooting, was done with malice aforethought necessarily carried with it that intent to kill and murder was felonious intent.

*Corpus Juris-Cyc References: Homicide, 30CJ, p. 118, n. 87; p. 123, n. 72, 75. As to necessity of charging felonious intent to commit crime in indictment for homicide, see 13 R. C. L. 898.

APPEAL from circuit court of Sunflower county.
HON. S. F. DAVIS, Judge.

Prosecution by the state against W. L. May for the crime of shooting with intent to kill and murder. Judgment sustaining a demurrer to the indictment, and the state appeals. Reversed and remanded.

*Rufus, Creekmore,* Assistant Attorney-General, for the state.

The indictment was drawn under section 771, Hemingway's Code (section 1043, Code of 1906). The commission of a number of different acts is here made a crime. The statute first provides that every person who shall be convicted of "shooting at" another "wilfully" is guilty of a crime. The statute next provides that any assault or assault and battery upon another with any deadly weapon with "intent to kill and murder, etc.," is a crime. The statute after enumerating these different and distinct crimes then provides for the punishment to be imposed. This punishment by the terms of the statute varies from imprisonment in the penitentiary for a term of ten years to a money fine.

That this statute does define a number of separate and distinct crimes has been expressly decided in *Jimerson* v. *State,* 93 Miss. 685, 46 So. 948; hence there can be no doubt but that the indictment in this case is good. The indictment charges that the defendant "did unlawfully, with malice aforethought, feloniously and wilfully shoot at W. C. Denman with a deadly weapon; to-wit, a pistol." Not only is this statutory crime charged in the exact words of the statute, but the indictment here goes further and charges the shooting at Denman to be unlawful, felonious and with malice aforethought. The charging of an intent is necessary only under that part of the statute which makes it a crime to commit an assault and battery upon another with intent to kill and murder such other person.

The principle here presented is well stated in 31 C. J., section 244, page 696. See, also, 14 R. C. L., section 26, page 178.

We submit that it was unnecessary to allege in the indictment that the shooting at Denman was with intent to kill and murder him, and that part of the indictment which did allege the intent to kill and murder was mere surplusage.  Assuming, however, for the sake of argument that it was necessary to allege the intent to kill and murder and assuming further that it was also necessary to allege a "felonious" intent, still the indictment in this case is sufficient to allege such felonious intent.  *Wood* v. *State,* 64 Miss. 761.  The situation here presented is very similar to that presented in *Winston* v. *State,* 127 Miss. 477, 90 So. 177.

The court erred in sustaining the demurrer and the judgment of the lower court should be reversed and this cause remanded.

*J. Ed. Franklin* and *Jos. A. May,* for appellee.

It is very obvious that the intention of the grand jury was to indict the appellee for "assault and battery with intent to kill and murder."  Every element of this grave crime is charged except that it was committed with felonious intent.

The attorney-general concedes in his brief that the appellee was not indicted for "assault and battery with intent to kill and murder," but that the indictment is good for "shooting at another" under the first prohibition in section 771, Hemingway's Code (section 1043, Code of 1906).  However, in order to make the indictment good for a misdemeanor only, counsel for the state argues that the words in the indictment "with malice aforethought, feloniously and wilfully  .  .  .  with the intent to kill and murder him, the aforesaid W. C. Denman," is surplusage.

Assault and battery with intent to kill and murder was a misdemeanor at common law, and was simply raised from a misdemeanor to a felony by section 771, Hemingway's Code (section 1043, Code of 1906), and it is the

147 Miss.—6.

intent with which the act was done that makes it a felony under the statute instead of a misdemeanor. *Stroud* v. *State,* 95 So. 738; *Herring* v. *State,* 99 So. 270.

It is horn-book law that to support an indictment for assault with intent to murder, it must be alleged and proved that such a killing was intended as would amount to murder. Hughes on Criminal Law and Procedure, paragraphs 191-92, page 51; *Harrison* v. *State,* 54 Miss. 689.

If this crime of felony is made to depend upon the intent with which the act was done, we contend that the circuit judge was correct in sustaining the demurrer to the indictment for the reason that there is no allegation in the indictment that the act was done with felonious intent and the felonious intent certainly cannot be inferred.

We cannot find a case where the identical question as raised by the demurrer in this case has been decided by our own supreme court. We do find where the identical question has been decided by the supreme court of other states and we cite *State* v. *Clayton,* 100 Mo. 516, 18 A. S. R. 565. Our court has passed on the question involved here, in our opinion, in passing on an indictment for burglary under section 795, Hemingway's Code (section 1067, Code of 1906). See, also, section 771, Hemingway's Code (section 1043, Code of 1906) under which the present indictment is drawn. We refer also to *Draughn* v. *State,* 76 Miss. 574, 25 So. 153.

*An indictment in the language of the statute is here insufficient.* *Sullivan* v. *State,* 67 Miss. 346; *Jesse* v. *State,* 28 Miss. 100; *Rawls* v. *State,* 70 Miss. 739; *State* v. *Bardwell,* 72 Miss. 535.

ANDERSON, J., delivered the opinion of the court.

Appellee, May, was indicted in the circuit court of Sunflower county of the crime of shooting with intent to kill

and murder. Appellee demurred to the indictment, assigning five causes, as follows:

"First. The indictment charges no crime under the law.

"Second. The indictment attempts to charge the defendant with the crime of assault and battery with intent to kill and murder, but is badly defective, in that it fails to charge felonious intent on the part of the defendant.

"Third. The crime attempted to be charged was a misdemeanor at 'common law,' and is raised to degree of felony by section 771 of Hemingway's Code, and the felonious intent is necessary to raise the crime from the lower to the higher degree, and the indictment does not charge the felonious intent, or attempt to charge.

"Fourth. The indictment, if permitted to stand as an indictment for misdemeanor, and the defendant required to proceed to trial thereon, would be highly prejudicial to his rights, because the indictment attempts to charge him with a grave crime—a felony under the statute—which charge would be overshadowing and influential throughout the trial.

"Fifth. If the defendant is required to go to trial on the indictment, he would be denied that presumption of innocence guaranteed to him under the law, and at the very threshold of his trial put to the task of assuming a burden, disproving the grave crime attempted to be charged against him."

The demurrer was sustained. From the judgment sustaining the demurrer, the state prosecutes an appeal.

The material part of the indictment follows:

"W. L. May, late of the county aforesaid on the 15th day of March, A. D. 1926, with force and arms, in the county aforesaid, and within the jurisdiction of court, did unlawfully, with malice aforethought, feloniously and willfully shoot at W. C. Denman, with a deadly weapon, to-wit, a pistol, with the intent to kill and murder him, the aforesaid W. C. Denman."

The indictment was founded on section 1043, Code of 1906 (section 771, Hemingway's Code), which follows:

"Every person who shall be convicted of shooting at another, or of attempting to discharge any firearms or air-guns at another, willfully; or of any assault or assault and battery upon another with any deadly weapon or other means or force likely to produce death, with intent to kill and murder or to maim, ravish, or rob such other person; or in the attempt to commit any murder, rape, manslaughter, burglary, larceny, or other felony; or in resisting the execution of any legal process, or any officer or private person lawfully attempting to arrest him or any other person—shall be imprisoned in the penitentiary not more than ten years, or shall be punished by a fine of not more than one thousand dollars, or by imprisonment in the county jail not more than one year or by both."

The statute defines a number of separate and distinct crimes. *Jimerson* v. *State,* 93 Miss. 685, 46 So. 948. One of the crimes defined by the statute is an assault upon another with a deadly weapon or other means or force likely to produce death, with intent to kill and murder. The unlawful shooting at another with a pistol is an assault. The indictment charged that appellee did, with malice aforethought, feloniously and willfully shoot at W. C. Denman with a deadly weapon, a pistol, with intent to kill and murder him (the said Denman). We think it clear that the grand jury attempted in the indictment to charge appellee with the crime of an assault with a deadly weapon, a pistol, with intent to kill and murder, which, under the statute, is a felony, not a misdemeanor.

Appellee argues, however, that under the law the indictment failed to sufficiently charge the felony, because it failed to charge that the intent to kill and murder was a felonious intent; that the gist of the offense was the intent with which the shooting was done, and therefore the indictment should have charged that the shooting was

done with the felonious intent to kill and murder. We agree with appellee that it was necessary that the indictment charge that the intent with which the shooting was done was a felonious intent; but we think the language of the indictment, properly construed, so charged. It charged that the shooting was done unlawfully, with malice aforethought, feloniously, and willfully, "with a deadly weapon, to-wit, a pistol, with the intent to kill and murder him, the aforesaid W. C. Denman." We do not think it was necessary to repeat the word "feloniously" immediately preceding the words "intent to kill and murder him, the aforesaid W. C. Denman." The indictment had already charged that the shooting was felonious and with malice aforethought. According to the proper rules of construction, that language qualified the language that followed it in the indictment. In *Winston* v. *State,* 127 Miss. 477, 90 So. 177, which was a homicide case, it is true, what was said by the court, in part, is in point here. The court said:

"There may be an intentional killing without it being a crime, but we cannot conceive of a felonious killing which would be lawful."

The charge in the indictment in that case, that the shooting was done with malice aforethought and feloniously, carried with it necessarily that the intent to kill and murder was a felonious intent.

We think the indictment was good under the law.

*Reversed and remanded.*