CARTER *v.* STATE.

(Division B.  March 5, 1934.)

[152 So. 876.  No. 30980.]

T. B. Davis and Robert Hall, both of Columbia, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for the state.

Anderson, J., delivered the opinion of the court.

Appellant was indicted for the murder of Robert Mc-Cain, and was convicted of the crime of manslaughter and sentenced to the penitentiary for a term of fifteen years. From that judgment he prosecutes this appeal.

Appellant and his two sons, Fred and Murray Carter, were jointly indicated for the murder of McCain. There was a severance as to appellant, but the two sons were tried jointly and convicted of manslaughter, and sentenced to the penitentiary for fifteen years. That judgment was affirmed by the Supreme Court in Carter et al. v. State, 145 So. 739. The killing was done by appellant's son Fred Carter, but the state's evidence showed that appellant and the other son, Murray Carter, were present aiding, abetting, and encouraging the homicide.

Appellant assigns and argues as error the action of the court in giving the following instructions for the state:

1. "The court instructs the jury for the state that it is the law of this state that a person who is present at the time and place where another commits a crime, and who wilfully, unlawfully, feloniously and of his malice aforethought encourages and commands such other person to commit such crime, is subject to indictment and conviction for such crime just the same and jointly with the person who actually commits such crime."

2. "The court instructs the jury for the state that if you believe from the evidence beyond a reasonable doubt that on the occasion in question, the defendant, J. W. V. Carter, acting in conjunction with Fred Carter and Murray Carter, did then and there wilfully, unlawfully and feloniously kill Robert McCain, a human being, in the heat of passion, without malice, by the use of a dangerous weapon, without authority of law, and not in necessary self defense, the jury should find the defendant, J. W. V. Carter, guilty of manslaughter, and this is true even though you may further believe from the evidence that the deceased, Robert McCain, made threats against the lives of the defendants."

3. "The court instructs the jury for the state that if you believe from the evidence beyond a reasonable doubt, that on the occasion in question, the defendant, J. W. V. Carter, acting in conjunction with Fred Carter and Mur-

ray Carter, did then and there wilfully, unlawfully, feloniously and of their malice aforethought kill and murder Robert McCain, a human being, the jury should find the defendant, J. W. V. Carter, guilty as charged in the indictment, and this is true even though you may further believe from the evidence that the deceased, Robert McCain, made threats against the lives of the said defendants, and regardless of what you may believe as to the treatment accorded the wife of the deceased by deceased.''

4. ''The court instructs the jury for the state that while it is true that under the law a man has a right to repel force with force even to the extent of shooting and killing his assailant in self defense, yet, before he may justify his act in so doing by such a plea of self defense, he must have good reason to believe, and he must honestly believe that he was then and there in danger, real or apparent, of being done great bodily harm or losing his life at the hands of such assailant, and such danger must appear to be imminent and impending; mere fear, apprehension or belief alone on the part of a defendant, that deceased meant to do him great bodily harm or to take his life, unaccompanied by an overt act, however sincerely entertained by such defendant, would not justify such defendant in shooting and killing deceased.''

The criticism of the first instruction is that it assumed that a crime had been committed and that appellant encouraged and aided in its commission. It is not subject to that criticism. It states a correct principle of law in the abstract, and a principle applicable to the state's case. The giving of such an instruction is not error when the governing principles of law are concretely put to the jury by other instructions, and that was done in this case.

It is argued that instruction No. 2 was erroneous, because it told the jury that appellant was guilty unless he acted in necessary self-defense. The instruction does not so state. The jury knew from other instructions given in

the case, especially one given for appellant which will be set out later, that by the phrase "not in necessary self defense" the court had reference to Fred Carter who did the killing, and that if Fred Carter did not kill in neces sary self-defense, appellant would be guilty if he aided and abatted in the killing. Appellant criticized the instruction further because of the concluding clause, that the jury should find appellant guilty of manslaughter even though they believed from the evidence that Mc-Cain made "threats against the lives of the defendants." Evidence of threats were admitted, and properly so, to aid the jury in determining who the aggressor was—who brought on the difficulty. Appellant's defense was that his son Fred acted in self-defense. If he did so, appellant was entitled to the benefit of it. If he did not, appellant was as guilty as his son, if the state's evidence be true, and the jury believed it.

Appellant argues that instruction No. 3 was erroneous in the following respects: That it authorized the jury to return a verdict of guilty against appellant without first finding his son Fred Carter guilty; that it authorized the jury to convict even though the deceased made threats against the life of appellant, and regardless of what the evidence showed as to the treatment by deceased of his wife. The instruction is not subject to the first ground urged against it. It did not authorize the jury to find appellant guilty regardless of the guilt of his son Fred Carter. It was not error for the court to tell the jury that if they believe from the evidence beyond a reasonable doubt that appellant was guilty they should find him guilty regardless of threats by the deceased and regardless of how the deceased treated his wife.

It is argued that by instruction No. 4 the court told the jury that appellant had to be in danger, real or apparent, etc. This is another instruction stating an abstract and correct principle of law. As such, we think it is without fault. There was no attempt in the instruction to make

a concrete application of it to the facts of the case. That was left to the jury, as it should have been.

We do not mean to say that the instructions are entirely without fault, but we do say that they were not calculated to mislead the jury; especially is that true when they are read in connection-with the following instruction given for appellant: ''The court instructs the jury that a man has a right to shoot his antagonist in his necessary self defense or in the necessary self defense of others and in this case if the jury believe from the evidence that when Fred Carter shot the deceased he had reason to believe and did honestly believe that he was about to receive great bodily harm or lose his life at the hands of deceased or that the deceased was about to take the life of Murray or Volley Carter or inflict upon them or either of them, great bodily harm and that such danger was apparent, imminent and impending at the time then the said Fred Carter had a right to shoot the deceased and take his life. That the burden of proof as to whether or not the said Fred Carter acted in his necessary self defense or in the necessary defenses of his father and brother is not on this defendant but such burden is upon the state to prove beyond every reasonable doubt and to a moral certainty that the said Fred Carter did not so act either in such defense of himself, father or brother.''

All the instructions for both the state and appellant must be read together, and when so considered, if they make a consistent whole and correctly state the applicable principles of law, any minor errors in one or more of them, which are reconcilable, are harmless.

Affirmed.