HYDRICK *v.* STATE

No. 42564          March 4, 1963          150 So. 2d 423

*E. B. Todd, Forrest B. Jackson,* Jackson, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

450

RODGERS, J.

This is an appeal from a conviction and sentence of appellant to serve a jail sentence and pay a fine for the alleged crime of assault and battery with intent, unlawfully, feloniously and of malice aforethought, to kill and murder William C. Puckett.

The testimony is conflicting, but it appears that defendant, appellant here, drove an MG convertible automobile, called a "Jeepster", to a drive-in restaurant, known as "Shady Rest", about midnight of August 19, 1962. Shady Rest is located on West Capitol Street in the City of Jackson, Mississippi. Appellant ordered drinks over a public address system on the Jeepster. He then entered into a conversation with persons in a nearby automobile. At this time, the prosecuting witness walked up to the side of appellant's automobile and when appellant spoke to him, a dispute arose and blows were exchanged. During the altercation, appellant drew a pistol and a shot was fired, and a bullet struck the prosecuting witness in the face.

The theory of appellant's defense in the trial court was twofold, first, defendant claimed the prosecuting witness attacked him and that he was in the process of defending himself by striking him with a pistol; and, second, the pistol was discharged accidentally and unintentionally. Thus it is seen that defendant claimed not only the right of self-defense, but if guilty of assault and battery, a misdemeanor, nevertheless, he was not guilty of felonious intent to kill and murder.

After the testimony of eye-witnesses had been introduced and a full disclosure of all of the facts surrounding the altercation had been presented to the jury, including testimony of the prosecuting witness and defendant, the prosecuting attorney requested, and the court granted, the following instruction: "The court instructs the jury for the State that it is reasonable to infer that a person ordinarily intends the natural and probable consequences of his acts knowingly done; and the court instructs the jury further that, unless the contrary appears from the evidence, the jury may draw the inference that the defendant intended all the consequences which one standing in like circumstances and possessing like knowledge should reasonably have expected to result from his act knowingly done." Appellant assigns only two grounds for reversal of the judgment of the trial court, namely, the court was in error in granting the above instruction, and, second, the court was also in error in refusing to grant the instruction requested by him to find him not guilty of shooting with intent to kill and murder.

(Hn 1) It is true as a general rule of abstract law, applicable in all criminal cases, that accused, if sane, is presumed to intend the necessary, or natural and probable, consequence of his unlawful, voluntary acts, knowingly performed. See 22 C. J. S., Sec. 35, Criminal Law, p. 121; Heard v. State, 177 Miss. 661, 171 So. 775; Jacobs v. State (Ala. 1920) 85 So. 837. We point out here, however, that this Court has said in opinions heretofore that instructions in criminal cases embodying abstract principles of law should not be given to the jury. For example: In the case of Smith v. State, 75 Miss. 542, 23 So. 260, this Court said "It was better and safer to tell the jury what facts, if believed by them, would, in law, deprive Smith of the right of self-defense, than to submit that matter to them in this abstract way. The safe paths are the best in drawing instructions." See also, Barnes v. State, 118 Miss. 621, 79

So. 815; McDaniel v. State, 8 S. & M. 401; Johnson v. State, 223 Miss. 167, 77 So. 2d 824; 53 Am. Jur., Trial, Sec. 573, p. 451. However, abstract instructions are not always harmful. See Carter v. State, 169 Miss. 285, 152 So. 876.

In the instant case, the intent of the accused is an essential ingredient of the charge of an assault and battery with the unlawful and felonious intent, with malice aforethought, to kill and murder. **(Hn 2)** Moreover, the burden of proof is upon the State to show intent to kill and murder beyond a reasonable doubt. See Clark v. State, 113 Miss. 201, 74 So. 127; State v. May, 147 Miss. 79, 112 So. 866; Norwood v. State, 182 Miss. 898, 183 So. 523; Busby v. State, 177 Miss. 68, 170 So. 140; Toler v. State, 143 Miss. 96, 108 So. 443.

**(Hn 3)** Where a crime consists of an act, combined with a specific intent, the intent is just as much an element of the crime as the act. In such cases, mere general malice or criminal intent is insufficient, and the requisite, specific intent must be shown as a matter of fact, either by direct or circumstantial evidence. See 22 C. J. S., Criminal Law, Sec. 32, p. 117; Simpson v. State, 87 So. 920 (Fla. 1921).

The majority of the judicial opinions have generally followed the rule that where a specific intent is the gist of the offense charged, the court should not instruct the jury on the presumptions of evidence which apply to the question of intent. The first syllabus in the case of Cunningham v. State, 87 Miss. 417, 39 So. 531, is in the following words: ''Where the theory of accused was that he did not shoot at prosecutor, but merely fired his gun to prevent the commission of an assault, an instruction that an unwarranted attack on defendant did not justify him in shooting at prosecutor with a deadly weapon was erroneous, as assuming the pivotol point of the defense.'' See Bell v. State, 90 Miss. 104, 43 So. 84. The general rule is set out in 23A C. J. S.,

Criminal Law, Sec. 1222, p. 560, as follows: *"Except where a specific intent is the gist of the offense charged,* the court may instruct that persons are presumed to intend the natural, probable, and usual consequences of their voluntary acts, where the charge is so given as to indicate that the presumption is not conclusive * * *"*. (Emphasis supplied.)

The case of State v. Baker, 38 S. E. 2d 346 (W. Va. 1946), is a case in which a soldier knocked a girl down, who later died from brain hemorrhage, and defendant was convicted. Objection was made to the instruction that told the jury that "a man is presumed to intend that which he does, or which is the immediate and necessary consequences of his act." The Court said "the jury found that defendant was guilty of voluntary manslaughter, an essential element of which is intent to kill, it may be that the jury was prejudiced by the giving of this instruction, and, under the rule that in a criminal case the giving of an erroneous instruction upon which the jury may have relied is presumably prejudicial, we must hold that the court's action in giving State's instruction No. C constituted reversible error."

In the case of State v. Schaefer, 88 P. 792 (Mont. 1907), the defendant was tried for an assault in the first degree, a crime involving specific intent, and the court granted the following instruction: "The law also presumes that a person intends the ordinary consequences of any voluntary act committed by him. The latter presumption, however, is termed a disputable presumption, and may be controverted by other evidence." The Court held that such an instruction may properly be given in some cases where the charge and facts warrant it, but said "when a defendant is on trial for a crime involving a specific intent as the gist of the offense, we think it might mislead a jury, and that the portions complained of should be omitted."

In the case of State v. Garney, 207 P. 2d 506 (Mont. 1949), the Court re-examined the opinion in the Schaefer case where another defendant was charged with stealing a heifer, and where intent was the gist of the offense. The trial court had given the following instruction: "The law also presumes that a person intends the ordinary consequences of any voluntary act committed by him. This presumption, however, is termed a disputable presumption and may be controverted by other evidence." The Court quoted the Schaefer case, supra, with approval, and cited the case of People v. Snyder, 15 Cal. 2d 706, 104 P. 2d 639, wherein the California Court held that where the crime for which the defendant stood convicted (viz., attempted murder) required proof of specific intent to kill the victim, such intent, like any other fact or essential of the crime, and must be proved by evidence or the inferences reasonably deducible therefrom and may not be based on a presumption, citing many authorities, including 14 Am. Jur., Criminal Law, Sec. 23, p. 783, Note 13; 53 Am. Jur., Trial, Sec. 218, p. 186, p. 244.

(Hn 4) This Court has from time to time reminded the Bench and Bar that when all of the facts are in evidence, an instruction for the State that malice will be implied from the deliberate use of a deadly weapon is not proper. See cases cited in Shields v. State, 144 So. 2d 786 (Miss. 1962.)

In the recent case of Funches v. State, 148 So. 2d 710 (Miss. 1963), where the sole issue involved was whether or not the fatal shooting was accidental, this Court pointed out that an instruction on the presumption of malice aforethought, arising out of a deliberate use of a deadly weapon, was improper, and said: "Instructions of this type may be so misleading to the jury, as here, and may constitute such a useless reference to a 'presumption' or inference, that they should be used, if at all, with considerable caution. When

all the evidence is in, there is no presumption. Inferences may be drawn properly by the jury from the facts before it, without the trial court invading the jury's province with a direction as to 'presumption' or inferences.''

A distinction is sometimes drawn between presumptions and inferences, as to both their origin and effect. It has been said in 20 Am. Jur., Evidence, Sec. 162, p. 165, that ''The line of cleavage in this respect is, at best, a tenuous one, traceable more to the confusing nomenclature upon the subject of inferences and presumptions than to any generic distinction.'' In either case, however, when all the evidence surrounding an alleged crime, including the testimony of eye-witnesses on both sides, has been put in evidence, an instruction on a presumption which attempts to bolster the evidence introduced, or an instruction on an inference which attempts to supply the place of a fact, required to be proven by the state, should not be given to the jury.

(Hn 5) We are therefore of the opinion that the foregoing instruction complained of by appellant is erroneous, harmful, and constitutes reversible error.

(Hn 6) On the second point, we are of the opinion that the court was not in error in refusing to grant defendant an instruction directing the jury to find defendant not guilty of shooting with intent to kill and murder, because we hold it to be an issue for the jury to decide under the facts.

The case is therefore reversed and remanded.

Reversed and remanded.

*Lee, P. J., and Ethridge, Gillespie and McElroy, JJ.,* concur.