312 So.2d 454 (1975)
Sarah RAYBURN
v.
STATE of Mississippi.
No. 48503.
Supreme Court of Mississippi.
May 12, 1975.
J.W. Kellum, Sumner, for appellant.
A.F. Summer, Atty. Gen., by Catherine Walker, Special Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, SMITH and BROOM, JJ.
SMITH, Justice.
Sarah Rayburn was tried in the Circuit Court of Leflore County upon an indictment for murder, convicted of manslaughter, and sentenced to serve a term of sixteen years in the penitentiary. From that conviction and sentence she appeals, assigning as the single ground for reversal the trial court's action in "granting to the State its Instruction Number 7."
At the conclusion of the trial, when instructions for each side were submitted to opposing counsel for such objections as they cared to make, counsel for appellant objected to State's Instruction Number 7 "because of the wording thereof `in the heat of blood' and the manslaughter element thereof, for the reason that this is either where the Defendant should be convicted of murder or acquitted, and not a case to be submitted to the Jury on the element of manslaughter."
*455 Appellant now assigns, for the first time, a further and different objection to State's Instruction Number 7. It is conceded by appellant's counsel that this is not permissible under Mississippi Supreme Court Rule 42, except in an "extreme case." However, it is urged that this is an extreme case and should thus be considered an exception to the general rule.
It is now contended that the instruction is defective for having omitted a statement as to appellant's right of self-defense.
Rule 14 of the Uniform Rules for the Circuit Courts of Mississippi, adopted February 13, 1971, provides, among other things:
[T]he opposing attorney shall dictate into the record his specific objections to the requested instructions and specifically point out his grounds for objection.
Supreme Court Rule 42 provides:
It is, therefore, the rule of this Court that no assignment of error based on the giving of an instruction to the jury will be considered on appeal unless specific objection was made to the instruction in the trial court stating the particular ground or grounds for such objection. However, in extreme cases this Court may raise an objection to a jury instruction in order to prevent manifest injustice.
The necessity for these rules is obvious. It is essential that specific objections to instructions be made to the trial judge, in order that errors and omissions may be corrected or supplied before any possible harm can result. A defendant may not tacitly reserve an objection at that point, or wait until after a guilty verdict is returned, meanwhile having availed himself of the chance to be acquitted, or call attention to an omission or error for the first time on appeal in order to have his conviction set aside.
In the case now before us, the objection is, in any event, without merit. In Boyles v. State, 223 So.2d 651, 656 (Miss. 1969), a similar criticism was interposed to an instruction in a murder case where the appellant had been convicted of manslaughter:
The second part of this instruction is also defective because it does not incorporate the essential elements required by Section 2226 of the Mississippi Code of 1942 Annotated (1956). It does not include "without authority of law, and not in necessary self-defense." ...
In Boyles, supra, this Court said:
While it is evident that this instruction is incorrect, nevertheless we do not concede that the giving of this instruction under the facts of this case constituted reversible error, because this instruction to the jury on manslaughter, though inaptly drawn, probably prevented the jury from returning a murder verdict.
In the case now before us, the trial court granted, at appellant's request, two generously worded instructions defining appellant's right of self-defense and pointing out in each of them her right to an acquittal upon that ground, if justified by the evidence. These two instructions must be read and considered with State's Instruction Number 7 and with all of the other instructions in the case. As stated in Shields v. State, 244 Miss. 543, 550-551, 144 So.2d 786, 789 (1962):
All of the instructions granted to the State and to appellant in the trial must be read together, and when so read, if they announce correct principles of law, the error in a particular instruction is considered by this Court to be harmless. Pittman v. State, 147 Miss. 593, 113 So. 348; Slade v. State, 119 So. 355 (Miss.); Temple v. State, 165 Miss. 798, 145 So. 749; Carter v. State, 169 Miss. 285, 152 So. 876; Thomas v. State, 200 Miss. 220, 26 So.2d 469; Knight v. State, 57 So.2d 161 (Miss.); Jackson v. State, 218 Miss. 598, 67 So.2d 520; Durham v. State, 158 Miss. 833, 131 So. 422.
*456 Under Rule 28 of the Uniform Rules For the Circuit Court of Mississippi, adopted March 21, 1975, instructions to the jury henceforth will be embodied in a comprehensive charge, delivered personally by the trial judge, so that all parts of it will actually constitute a connected and coherent whole. See also Newell v. State, 308 So.2d 71 (Miss. 1975). This Court, heretofore, in Shields, and numerous other cases, has sought to achieve a similar result by holding repeatedly that all instructions will be read and considered together, as parts of a comprehensive whole, and are not to be dealt with piecemeal or construed in isolation. Further, this Court has held, time and again, that if, when so considered, the applicable law is correctly stated, it will be sufficient.
It is undisputed that appellant shot and killed her paramour by shooting him several times with a pistol. Evidence capable of supporting the view that, in so doing, she acted in necessary self-defense, is meager, and this is so, even considering her own version of the slaying. As was the case in Boyles, supra, the instruction "though ineptly drawn, probably prevented the jury from returning a murder verdict."
If the alleged omissions from State's Instruction Number 7, now urged for the first time as having been error, had been pointed out to the trial judge, they might have been supplied or the granting of the instruction denied. Moreover, appellant's right of self-defense and her right to an acquittal upon that ground, were fully explained to the jury in at least two other instructions. The evidence of guilt was more than ample to support the verdict. No prejudicial error having occurred in the trial of the case the judgment appealed from must be affirmed.
Affirmed.
GILLESPIE, C.J., RODGERS, P.J., and INZER, ROBERTSON, SUGG and WALKER, JJ., concur.