765 So.2d 606 (2000)
James Kelly STEGALL, Appellant,
v.
STATE of Mississippi, Appellee.
No. 98-KA-00684-COA.
Court of Appeals of Mississippi.
August 22, 2000.
*607 Guy N. Rogers, Jr., Pearl, Attorney for Appellant.
Office of the Attorney General by Charles W. Maris, Jr., Attorneys for Appellee.
BEFORE KING, P.J., PAYNE, AND THOMAS, JJ.
PAYNE, J., for the Court:

PROCEDURAL POSTURE AND ISSUES PRESENTED
¶ 1. This case is on appeal and was orally argued before this Court based on the judgment of the Hinds County Circuit Court of conviction of one count of aggravated assault with a weapon and sentence of fifteen years in the custody of the Mississippi Department of Corrections, five years suspended, ten years to serve, followed by three years probation. His motion for new trial having been denied, Stegall perfected this appeal, raising the following issues for our consideration
WHETHER THE TRIAL COURT ERRED IN REFUSING TO ALLOW STEGALL'S COUNSEL TO CROSS-EXAMINE INVESTIGATOR MOULDER ABOUT THE CONTENTS OF POLICE REPORTS PREPARED BY MOULDER.
WHETHER THE TRIAL COURT ERRED IN GRANTING JURY INSTRUCTION S-1 WHICH DID NOT INCLUDE THE PROPER STATUTORY LANGUAGE UNDER MISS. CODE ANN. § 97-3-7(2)(A).
WHETHER THE TRIAL COURT ERRED IN REFUSING TO GRANT JURY INSTRUCTION D-14 WHICH INCLUDED THE PROPER STATUTORY LANGUAGE UNDER MISS. CODE ANN. § 97-3-7(2)(A).
WHETHER THE TRIAL COURT ERRED IN GRANTING JURY INSTRUCTION S-3 WHICH HAS BEEN HELD TO BE AN INCORRECT STATEMENT OF LAW IN MISSISSIPPI.
WHETHER THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
After due consideration of the arguments in the parties' briefs and in oral arguments of this matter, we are unmoved by Stegall's assignments of error. Accordingly, we affirm the conviction and sentence in this matter.

FACTS
¶ 2. Late on February 25, 1996, and into the early morning hours of February 26, 1996, Stegall was involved in an argument with his girlfriend and mother of his child, Tanya Tubberville, and Tanya's sister, Sara Clark, at Sara's home. Sara called the Hinds County Sheriffs Office. As law enforcement arrived, an officer spotted Stegall's retreat to a wooded area behind Sara's home. Deputy Sheriffs Stacie Thomas and Tim Sanford went to the wooded area and heard movement. Deputy Thomas located Stegall in the thicket, *608 identified himself, and ordered Stegall to come out of the wooded area. Stegall complied. On the way out of the woods, Stegall indicated that he had done nothing wrong and did not want to go to jail. He cursed the officers. Stegall charged Deputy Thomas and a struggle ensued. Stegall got his hands on Thomas's weapon and fired it, hitting Thomas in the leg.
¶ 3. Stegall was indicted pursuant to Miss.Code Ann. § 97-3-7(2) (Rev.1994). After a jury trial, Stegall was found guilty of the offense charged.
ANALYSIS AND DISCUSSION
WHETHER THE TRIAL COURT ERRED IN REFUSING TO ALLOW STEGALL'S COUNSEL TO CROSS-EXAMINE INVESTIGATOR MOULDER ABOUT THE CONTENTS OF POLICE REPORTS PREPARED BY MOULDER.
¶ 4. Stegall's first assigned error alleges that the trial court erred by not allowing cross-examination of Investigator Moulder about the contents of his police reports. We find this argument to be without merit. Moulder was a defense witness, and while police reports are admissible under the Mississippi Rules of Evidence's business records exception, the total contents of the report are not necessarily admissible. See Copeland v. City of Jackson, 548 So.2d 970 (Miss.1989); Bingham v. State, 723 So.2d 1189 (Miss.Ct.App. 1998). The purpose of questioning Moulder about these reports was to impeach the credibility of Deputies Thomas and Sanford. Both Thomas and Sanford took the stand, and Stegall had every opportunity for impeachment in that mode. Apparently, as a matter of trial strategy, Stegall chose not to use the reports to impeach the deputies. Given the great deference accorded trial judges in the admission and suppression of evidence, we find no basis for reversal in this regard.
WHETHER THE TRIAL COURT ERRED IN GRANTING JURY INSTRUCTION S-1 WHICH DID NOT INCLUDE THE PROPER STATUTORY LANGUAGE UNDER MISS. CODE ANN. § 97-3-7(2)(A).
WHETHER THE TRIAL COURT ERRED IN REFUSING TO GRANT JURY INSTRUCTION D-14 WHICH INCLUDED THE PROPER STATUTORY LANGUAGE UNDER MISS. CODE ANN. § 97-3-7(2)(A).
¶ 5. Stegall next complains of Jury Instruction S-1, which provided as follows:
The Court instructs the jury that if you believe from evidence in this case, beyond a reasonable doubt, that the Defendant, James Kelly Stegall, on or about February 26, 1996, while acting recklessly and under circumstances manifesting extreme indifference to the value of human life, did cause serious bodily injury to Stacy Thomas, a human being, with a certain deadly weapon, to-wit: a handgun, by then and there shooting the said Stacy Thomas or causing the said Stacy Thomas to be shot, while, the said Stacy Thomas, a duly appointed and presently acting law enforcement officer, to-wit: a sworn officer of the Hinds County Sheriff's Department, was then and there engaged in the performance of and within the scope of said law enforcement officer's duties, then and in that event, James Kelly Stegall is guilty of aggravated assault and it is your sworn duty to so find.
Stegall argues that the instruction was incomplete. According to Stegall, the instruction in above is couched in the disjunctive (or) when it should be in the conjunctive (and). The statute under which Stegall was indicted reads as follows:
A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means *609 likely to produce death or serious bodily harm; and, upon conviction, he shall be punished by imprisonment in the county jail for not more than one (1) year or in the penitentiary for not more than twenty (20) years. Provided, however, a person convicted of aggravated assault (a) upon a statewide elected official, law enforcement officer, fireman, emergency medical personnel, public health personnel, superintendent, principal, teacher or other instructional personnel and school attendance officers or school bus driver while such statewide elected official, law enforcement officer, fireman, emergency medical personnel, public health personnel, superintendent, principal, teacher or other instructional personnel and school attendance officers or school bus driver is acting within the scope of his duty, office or employment, or (b) upon a legislator while the Legislature is in regular or extraordinary session shall be punished by a fine of not more than Five Thousand Dollars ($5,000.00) or by imprisonment for not more than thirty (30) years, or both. (emphasis supplied).
Miss.Code Ann. § 97-3-7(2) (Supp.1997). The statutory language appears to be written in the disjunctive, not the conjunctive. Thus, we find Jury Instruction S-1 was a correct statement of the law.
¶ 6. Stegall further complains that proposed Jury Instruction D-14, denied by the trial court, should have been granted. The instruction read as follows:
The Defendant, James Kelly Stegall, is charged with aggravated assault on Stacy Thomas. If you find from the evidence in this case beyond a reasonable doubt that on or about February 26, 1996, James Kelly Stegall did cause serious bodily injury to Stacy Thomas purposely, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life, then you shall find the Defendant "Guilty." If the State has failed to prove each and every essential element of the crime charged beyond a reasonable doubt, then it is your sworn duty to find the Defendant "Not Guilty."
As the Attorney General suggests, the granting of the D-14 would have amounted to a constructive amendment of the indictment, as Stegall was indicted only under the reckless provision of the statute, which is prohibited by settled Mississippi precedent. Bell v. State, 725 So.2d 836 (¶ 58) (Miss.1998). Accordingly, this argument is without merit.
WHETHER THE TRIAL COURT ERRED IN GRANTING JURY INSTRUCTION S-3 WHICH HAS BEEN HELD TO BE AN INCORRECT STATEMENT OF LAW IN MISSISSIPPI.
¶ 7. Relying on Hydrick v. State, 246 Miss. 448, 150 So.2d 423 (1963), Stegall maintains that Jury Instruction S-3 was reversible error. The instruction read as follows:
The Court instructs the Jury that a person is presumed to intend the natural and reasonable consequences of his own voluntary acts.
In Hydrick, the supreme court held that the following instruction was reversible error:
The court instructs the jury for the State that it is reasonable to infer that a person ordinarily intends the natural and probable consequences of his acts knowingly done; and the court instructs the jury further that, unless the contrary appears from the evidence, the jury may draw the inference that the defendant intended all the consequences which one standing in like circumstances and possessing like knowledge should reasonably have expected to result from his act knowingly done.
Hydrick, 246 Miss. at 451, 150 So.2d at 424. Jury Instruction S-3 in the case sub judice is substantially similar to the forbidden Hydrick instruction. However, the Hydrick court limited the application of this rule to only those cases where a specific *610 intent is required. Hydrick, 246 Miss. at 452, 150 So.2d at 425.
¶ 8. This limitation noted, we next turn to whether specific intent is an element of aggravated assault. In short, it is not. "The essence of aggravated assault in today's context is that the accused has knowingly or recklessly attempted to cause serious bodily injury to another with a dangerous weapon. There is apparently no specific intent requirement." McGowan v. State, 541 So.2d 1027, 1029 (Miss. 1989). Thus, the Hydrick principle is inapplicable, and this assignment is error is without merit.
WHETHER THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 9. In his final argument, Stegall argues that the verdict was against the overwhelming weight of the evidence. Stegall's contention in this regard is based on alleged inconsistencies in the testimony of Deputy Thomas and other witnesses at Stegall's first and second trials. Stegall also requests that this Court review the physical evidence to properly assess appellant's arguments.
¶ 10. Our standard of review with regard to weight of the evidence is well-settled. Matters regarding the weight of evidence are to be resolved by the jury. Neal v. State, 451 So.2d 743, 758 (Miss. 1984). As such, our scope of review is limited in considering challenges to the weight of the evidence. In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice. Eakes v. State, 665 So.2d 852, 872 (Miss.1995); Flowers v. State, 601 So.2d 828, 833 (Miss.1992); McFee v. State, 511 So.2d 130, 133-34 (Miss.1987).
¶ 11. While there were inconsistencies in the testimony at the two trials, there were different juries who heard the evidence. It is logical and quite routine for twelve different people hearing the evidence on two separate occasions to reach contrary conclusions. This assignment of error is without merit.
¶ 12. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF ONE COUNT OF AGGRAVATED ASSAULT WITH A DEADLY WEAPON AND SENTENCE OF FIFTEEN YEARS, FIVE YEARS SUSPENDED, WITH TEN YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND THREE YEARS SUPERVISED PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED AGAINST THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, LEE, MOORE, JJ., CONCUR. IRVING, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY SOUTHWICK, P.J., AND THOMAS, J. MYERS, J., NOT PARTICIPATING.
IRVING, J., concurring:
¶ 13. I concur with the majority that Stegall has not presented any issues that merit a reversal of his conviction and sentence. However, I cannot agree that the indictment against Stegall was an indictment under Miss.Code Ann. § 97-3-2(a) (Supp.1997) or that instruction S-1 was a proper instruction for an offense laid exclusively under section (a) of the aforesaid code section. Therefore, I write separately to express my view concerning these two matters.
¶ 14. The indictment charged:
JAMES KELLY STEGALL, in said District, County and State, did on or about the 26th day of February, 1996, in violation of Section 97-3-7(2), Mississippi *611 Code, 1972, as amended, cause serious bodily injury to Stacy Thomas while acting recklessly and under circumstances manifesting extreme indifference to the value of human life by then and there shooting Stacy Thomas; or causing Stacy Thomas to be shot, with a certain handgun, the said Stacy Thomas at the time of sustaining such injury being a duly sworn and presently acting law enforcement officer, to-wit: a Deputy Sheriff in and for Hinds County, Mississippi, and then and there acting within the scope of his said official duty, office and employment.
(emphasis added). Mississippi Code Annotated § 97-3-2 reads as follows:
A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm....
¶ 15. Instruction S-1 reads:
The Court instructs the jury that if you believe from evidence in this case, beyond a reasonable doubt, that the Defendant, James Kelly Stegall, on or about February 26, 1996, while acting recklessly and under circumstances manifesting extreme indifference to the value of human life, did cause serious bodily injury to Stacy Thomas, a human being, with a certain deadly weapon, to-wit: a handgun, by then and there shooting the said Stacy Thomas or causing the said Stacy Thomas to be shot, while, the said Stacy Thomas, a duly appointed and presently acting law enforcement officer, to-wit: a sworn officer of the Hinds County Sheriffs Department, was then and there engaged in the performance of and within the scope of said law enforcement officer's duties, then and in that event, James Kelly Stegall is guilty of aggravated assault and it is your sworn duty to so find.
¶ 16. It is clear that both the indictment and instruction S-1 blend subsections (a) and (b) of code section 97-3-2. Subsection (b) makes it an aggravated assault to attempt to cause or to cause bodily injury with a deadly weapon. Subsection (a) makes it an aggravated assault to attempt to cause or to cause serious bodily injury under circumstances manifesting extreme indifference to the value of human life. While neither the indictment nor instruction S-1 mentioned the phrase "deadly weapon," both use the phrase "handgun." There can be no doubt, however, that a handgun is a deadly weapon within the meaning of subsection (b). Both the indictment and the instruction employ the phrase "serious bodily injury." Subsection (b) only requires "bodily injury," while subsection (a) requires "serious bodily injury," but clearly an assault with a handgun that results in serious bodily injury is not precluded from being an assault under subsection (b) simply because the injury is serious. Both the indictment and the instruction say Stegall shot or caused Thomas to be shot with a handgun.
¶ 17. I do not believe that a charge which accuses one of intentional shooting or causing another to be shot with a handgun while acting recklessly under circumstances manifesting extreme indifference to human life, is a charge properly brought under subsection (a) of the aggravated assault statute. If that were the case, there would be no need for subsection (b) which makes it aggravated assault to intentionally cause injury with a deadly weapon. A handgun is a deadly weapon. Any assault on another by shooting the other with a handgun is, in my opinion, by definition a reckless act under circumstances manifesting extreme indifference to human life, yet the intentional shooting of someone with a handgun is aggravated assault under subsection (b), not under subsection (a), of Miss.Code Ann. § 97-3-2 (Supp.1997). Clearly the legislature intended *612 to differentiate between assaults which occur recklessly under circumstances manifesting extreme indifference to human life and assaults which occur as the result of the intentional firing of a handgun at a person.
¶ 18. It appears to me that any charge of aggravated assault that involves the intentional shooting of another, or causing another to be shot, with a handgun is a charge that should be brought under subsection (b). That is not to say that one could never be properly charged under both subsections.
¶ 19. The charge against Stegall grew out of an altercation he had with Officer Stacy Thomas when Thomas and a partner attempted to arrest Stegall for a domestic disturbance. Thomas related the facts this way:
Q. All right. I want you to tell the jury what happened then.
A. When he made that statement, he turned. I shouldturned is not a good word. He wheeled around and came towards me in my midsection from where between my chest and my waste [sic]. At that time we wrestled for a minute or so. We went to the ground and we came back up to our feet. And at that time I felt some pressure at my waist. I mean I could feel my belt being pulled.
* * * *
Q. (By Mr. Mayfield) Stacy, you said "we were." You said he lounged at me and "we were" wrestling?
A. Yes, sir.
Q. Whowhen you say "we", who are you talking about?
A. Myself and Mr. Stegall.
Q. All right. At that point was it just you and Defendant Stegall?
A. Yes, sir.
Q. And pick up from there. You said you went to the ground, and then what happened?
A. When he came at me I almost tried to catch him. Like I say, he came with his head down and his shoulder at me here, and we ended up on the ground and wrestled for what seemed like a long time, but it may have been 30 seconds or a minute. We were on the ground, and we ended up on our feet again.
Q. Both of you?
A. Yes, sir.
Q. Okay.
A. And, like I say, I felt some pressure on my belt.
Q. What area of your belt?
A. Well, when I say pressure, I mean being tugged like this.
Q. All right.
* * * *
Q. Did there come a time when James Kelly Stegall was trying to snatch your weapon out of its holster?
A. Yes, sir, it was.
Q. Tell the jury about that.
A. When I figured out that he was pulling on my gun, I reached down and felt his arms here, and being pulled on my belt, I told my partner, I think I hollered, said he's trying to get my gun, he's pulling on my
Q. You were talking to Tim?
A. Right.
Q. You said what?
A. I said he's pulling on my gun.
Q. Okay.
A. And at that point, he's tugging on the gun. The only thing I could do was cinch my elbow down where it was. I could feel the gun moving. I would [sic] feel it moving.

*613 * * * *
Q. Was your weapon loaded at that time?
A. Yes sir, it was.
Q. All right. Did there come a time when your weapon came all the way out of your holster?
A. At the end of the incident, yes, sir, it did.
Q. All right. Before it came all the way out of your holster, tell the jury what happened?
A. The gun was fired.
Q. All right. And when the was gun was fired, whose hand was on the trigger?
A. James Kelly Stegall.
Q. And at the time it was fired, was the gun down in the holster, part of the way out of the holster, or all the way out of the holster?
A. It was partially out of the holster when it was fired.
Q. All right. And who was holding it when it fired?
A. James Kelly Stegall.
Q. All right. As a result of James Kelly Stegall firing your weapon that night, did you sustain any injuries?
A. Yes, sir, I did.
Q. Tell the jury about that?
A. The bullet exited the bottom of the holster, entered the top outer portion of my right thigh, exited the lower right portion of my thigh, down in my boots, caused about an eight inch I say a gouge is more what it looked like, and then came back out of my boot again.
¶ 20. The facts as set forth above clearly indicate that the State's theory was that Stegall intentionally grabbed Thomas's pistol. It is not altogether clear whether it was also the State's theory that Stegall was attempting to shoot Thomas when he fired the pistol or whether he was just attempting to wrestle the pistol away from Thomas. One of the prosecutors in closing argument suggested Stegall was attempting to get the pistol for the purpose of shooting both officers. The other prosecutor argued that the State was not required to show that Stegall intended to shoot anybody, that he just acted recklessly.
¶ 21. Stegall argues that instruction 14 was a proper instruction for a charge of aggravated assault brought under Miss. Code Ann. § 97-3-2(a) (Supp.1997), the section that charges aggravated assault by acting recklessly under circumstances manifesting extreme indifference to human life. The State argues, and the majority agrees, that granting instruction D-14 would have amounted to an impermissible "constructive amendment of the indictment, as Stegall was indicted only under the reckless provision (subsection (a)) of the statute." I fail to grasp the State's and majority's positions on this issue. Instruction D-14 reads as follows:
The Defendant, James Kelly Stegall, is charged with aggravated assault on Stacy Thomas. If you find from the evidence in this case beyond a reasonable doubt that on or about February 26, 1996, James Kelly Stegall did cause serious bodily injury to Stacy Thomas purposely, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life, then you shall find the Defendant "Guilty." If the State has failed to prove each and every essential element of the crime charged beyond a reasonable doubt, then it is your sworn duty to find the Defendant "Not Guilty."
¶ 22. I agree with Stegall that instruction D-14 is a proper statement of the law for aggravated assault charges brought under Miss.Code Ann. § 97-3-2(a). If, as the State argues and the majority agrees, Stegall was indicted under subsection (a) only, then it was error not to give the requested instruction. As will be discussed in the next paragraph, I believe the indictment charges more.
*614 ¶ 23. It is my view that the indictment and instruction S-1 charged Stegall, in a convoluted way, with assault under both subsections of Miss.Code Ann. § 97-3-2 (Supp.1997). However, I concur in the results reached in this case because it seems to me whether the shooting was intentional or not the act of attempting to wrestle the gun away was an intentional act, and wrestling over a loaded gun is, in my judgment, a reckless act manifesting extreme indifference to the value of human life. It also seems to me that Thomas's injuries could be classified as serious though they were not life threatening. Therefore, I believe all of the elements for a charge under both subsections of 97-3-2 were met. I also believe the indictment was sufficient to place Stegall on notice that he was being charged with aggravated assault stemming from the altercation he had with Thomas when Thomas was attempting to effect Stegall's arrest. Therefore, whether the charge was laid under subsection (a), (b) or both, Stegall has suffered no harm.
SOUTHWICK, P.J., AND THOMAS, J., JOIN THIS SEPARATE WRITTEN OPINION.