## CHESTER *v.* STATE.

### [65 South. 510.]

CRIMINAL LAW. *Evidence. Confession. Plea of nolo contendere.*

A plea of *nolo contendere* is only a limited confession of the charge and does not amount to a general confession of guilt and is not binding on the defendant in another prosecution even for the same offense, and cannot be introduced against him.

APPEAL from the circuit court of Hinds county.

HON. W. A. HENRY, Judge.

Charm Chester was convicted of keeping intoxicating liquors for sale, and appeals.

The facts are fully stated in the opinion of the court.

*W. J. Croon,* for appellant.

*Frank Johnston,* for appellee.

REED, J., delivered the opinion of the court.

Appellant was convicted on the charge of unlawfully keeping for sale intoxicating liquors. Evidence was admitted, over objection of appellant, showing that she was arraigned in the city court of Jackson on an affidavit charging her with keeping liquor for sale in violation of the laws of the city, based on the same facts testified to in this case, and that her plea was then *nolo contender.* The plea was entered in the city court by appellant's attorney, and it does not appear that she was present at the time. The fine imposed by the city court for the offense was paid.

The following instruction was given for the state:

"The court instructs the jury for the state that, if you believe from the evidence in this case beyond a reasonable doubt that the defendant, or her attorney for

her with her consent, entered a plea of *nolo contendere* in the city court of Jackson to an affidavit charging her with keeping liquor for sale based on the same facts as testified to in this case, then such plea is an implied confession on the part of the defendant of her guilt on such charge in the court where entered."

We take the following definition of the plea of *nolo contendere* from Black's Law Dictionary:

"The name of a plea in a criminal action, having the same legal effect as a plea of guilty, so far as regards all proceedings on the indictment, and on which the defendant may be sentenced. *U. S.* v. *Hartwell,* 3 Cliff. 221, Fed. Cas. No. 15,318. Like a demurrer this plea admits, for the purposes of the case, all the facts which are well pleaded, but is not to be used as an admission elsewhere. *Com.* v. *Tilton,* 8 Metc. (Mass.) 232. Not available as an estoppel to a civil action. *Com.* v. *Horton,* 9 Pick. (Mass.) 206."

This plea is now of infrequent use in this state. It appears that it is in general practice in some of the New England states.

In the case of *Buck* v. *Commonwealth,* 107 Pa. 486, it is said that:

"The plea of *nolo contendere* is a mild form of pleading guilty."

Mr. Bishop in his New Criminal Procedure, vol. 1, section 802, defines the plea as:

"The defendant's declaration in court that he will not contend with the prosecuting power."

Discussing when the plea may be used and its effect, Mr. Bishop says in the same section:

"It is pleadable only by leave of court, and in light misdemeanors. The difference between it and guilty appears simply to be that, while the latter is confession binding the defendant in other proceedings, the former has no effect beyond the particular case. It simply justifies the court in imposing its sentence."

In the case of *State* v. *La Rose,* 71 N. H. 435, 52 Atl. 943, it was decided that:

"Upon the trial of an indictment for the illegal keeping for sale of spirituous liquor, the respondent's plea of *nolo contendere* to a complaint charging the same offense, at the same place, on an earlier date, is not admissible in evidence against him."

In the La Rose Case, Judge PARSONS, delivering the opinion of the court and discussing the plea, says:

"Under the plea of *nolo,* the defendant does not confess or acknowledge the charge against him as upon a plea of guilty, but, waiving his right to contest the truth of the charge against him, submits to punishment. The plea is in the nature of a compromise between the state and the defendant—a matter not of right, but a favor. Various reasons may exist why a defendant conscious of innocence may be willing to forego his right to make defense if he can be permitted to do so without acknowledging his guilt. Whether in a particular case he should be permitted to do so is for the court."

The plea is only a limited admission of the charge. The entering of the plea in this case by appellant's attorney did not amount to a general confession by her of her guilt. By the plea she only waived her right to contest the truth of the charge against her and submitted to the punishment. In the particular case, the prosecution against her in the city court, the plea was effective just as if she had pleaded guilty, but it is not binding upon her, nor does it have any effect beyond that particular case. We therefore conclude that the court erred in admitting the evidence of the plea and granting the instruction relative thereto.

*Reversed and remanded.*