THOMAS *v.* STATE.

In Banc.   June 10, 1946.)

[26 So. (2d) 469.   No. 36064.]

Gilbert & Cameron and Cecil Rogers, all of Meridian, for appellant.

222

**Greek L. Rice,** Attorney General, by **Geo. H. Ethridge,** Assistant Attorney General, for appellee.

Argued orally by **Charles Cameron**, for appellant, and by **Geo. H. Ethridge**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant was indicted for murder. He employed capable and reputable attorneys for his defense, and they were present with him at every step taken after the return of the indictment. On the day set for the trial the attorneys for the defendant announced ready, whereupon the court proceeded to empanel a jury. When this was done and the jury was accepted by the State, and tendered to the defendant, counsel for the defendant dictated into the record the statement that ''the jury as tendered to the defendant, is without any examination by the defendant, accepted.'' The State put on its witnesses and when each had concluded his testimony in chief, the attorneys for the defendant excused the witness and all of them successively by the statement that no cross-examination will be made at this time, or the right to cross-examine is reserved, or no questions at this time,

or words to a similar effect, and when the State rested defendant at once made a motion that the court suspend the proceedings in the case and discharge the jury and direct a verdict for the defendant, for the reason that the defendant had not been arraigned or required to enter a plea to the charge.

On this motion it was shown to be true that the defendant had not been arraigned, and the State thereupon asked that the case be reopened and that the arraignment be permitted, which request the court sustained with leave to the defendant to recall the State's witnesses for cross-examination. This was done by the defendant under protest, and it may be added that, in addition, defendant made every other motion and maneuver that was necessary or proper to bring his point into review.

Appellant concedes that under the modern decisions by this Court an arraignment is not jurisdictional and may be waived by the defendant, and is waived when he takes part in the trial without objection as to the arraignment. Scruggs v. State, 130 Miss. 49, 93 So. 482; Bufkin v. State, 134 Miss. 1, 98 So. 452. But appellant says that he took no such part as would hold him to a waiver. We think it was sufficient if he was present and took any part at all, as the record shows he did.

It is a general rule which pervades the practice and procedure in this State, civil and criminal, that a party objecting to procedural errors or omissions must do so specifically and promptly. There are several reasons for the rule, two of which may now be stated as sufficient for the present case, and the first is that thereby the error or omission may be at once corrected and the cause speeded on its merits, and the second is that otherwise it would allow a party to go back and take advantage of a procedural objection which he did not specifically raise at the time the error or omission occurred with the result that the trial at the behest of an objector would be carried alternately backward and forward, whereas

its progress should always be forward. There are reasonsonable exceptions to the general rule, but we think the present case does not present any occasion for an exception. It seems to us, moreover, that any substantial harm that may be supposed to have come to appellant by the neglect of the State had its compensation in the advantage conferred on him by the court in allowing him to recall and cross-examine each of the State's witnesses after having heard the testimony in chief of all of them.

Appellant complains of the conduct of the special attorney employed in the prosecution wherein (1) the attorney asked of one of the witnesses a question which implied that appellant was of bad reputation when his character or reputation had not been first put in issue by appellant; (2) the argument of the attorney which could be construed as injecting the racial issue, and (3) the assertion in the argument that appellant was drunk when there was no testimony whatever to sustain that assertion. The record shows that when the irregularities occurred the court not only sustained the objections made to them, but in each case the court expressly admonished the jury to disregard the matter of which the complaints were made; and this direct admonition to the jury by the court was sufficient to cure the improper conduct. Brush v. Laurendine, 168 Miss. 7, 12, 150 So. 818. It is by the exercise of this authority by the trial judge in an unmistakable manner that many judgments are properly saved on appeal which otherwise would be reversed.

We cannot agree that the verdict is against the great weight of the evidence, our view of it being that when the proof is closely examined it would well support a conviction of murder instead of the verdict of manslaughter which the jury returned.

Two or three of the complaints by appellant about the instructions given for the State, and the refusal of others for the defendant, might be well taken were it not for the fact that appellant obtained twenty-eight instructions in

which every possible phase of the case was covered, and it is together with all of these that the other instructions. must be read.

Affirmed.