LOWE v. STATE.

(Division A.   April 14, 1947.)

[30 So. (2d) 53.   No. 36375.]

**J. H. Garth,** of Hazlehurst, and **H. C. Stringer,** of Jackson, for appellant.

**Greek L. Rice,** Attorney General, by **R. O. Arrington,** Assistant Attorney General, for appellee.

**Sydney Smith, C. J.,** delivered the opinion of the court.

The appellant was indicted for a felonious assault upon David Henderson and by another indictment for a felonious assault upon Clarence Henderson. Both indictments appear in the record, the second being certified to this Court by the Clerk of the Court below on request of the Attorney General after the filing of the record in the case which contained only the first of these two indictments. The appellant's complaints are that he was tried on both of these indictments at the same time and that the State elected to ask for a verdict only on the second of them, the one charging the assault on Clarence Hender-

son. The alleged assault on Clarence Henderson was made a few minutes after the assault on David Henderson and the State without objection introduced evidence covering both of these assaults. The evidence as to the assault on David Henderson may, and probably does, disclose the motive for the appellant's alleged assault on Clarence and therefore was probably competent, but be that as it may, no objection whatever was made to it. The Clerk's record of the case discloses some uncertainty. as to which of these indictments the appellant was tried on, but it is clear from the instructions for the State and from one of the instructions for the appellant that the jury's attention was directed to the indictment charging an assault on Clarence and that that was the offense for which the appellant was convicted. The record discloses an arraignment of the defendant and a plea by him of not guilty, but it is not clear therefrom to which of these indictments the arraignment was directed, but that fact is of no consequence for if the defendant was not arraigned on the indictment on which he was actually tried he waived any objection thereto by participating fully in the trial in all of its aspects without objection to his arraignment. Thomas v. State, 200 Miss. 220, 26 So. (2d) 469.

Affirmed.