ETHRIDGE, Chief Justice.
Anthony J. Bruno, appellant, filed in the Circuit Court of Benton County a petition for release on a writ of habeas corpus, against Thomas D. Cook, Superintendent of the State Penitentiary. On a charge of burglary, Bruno earlier had been sentenced to the penitentiary after he had entered a plea of nolo contendere. The circuit court denied the petition. We hold that, although the plea of nolo contendere is not available in this jurisdiction where defendant is charged with a felony, Bruno waived any objections to its use in his case, when he knowingly and intelligently requested permission to plead nolo, and understood that the court considered it the equivalent of a guilty plea and could sentence him on it to the penitentiary.
In February 1968, Bruno, along with two others, was indicted by the grand jury of Benton County on five separate charges of burglary. He originally entered pleas of not guilty to these indictments. However, on February 17, 1968, Bruno again appeared before the circuit court with counsel and withdrew his plea of not guilty in cause No. 2306, and, with permission of the court, entered a plea of nolo contendere, following which the court sentenced him to serve a term of five years in the state penitentiary on this charge. The other four indictments were retired to the files.
The State was permitted to introduce in evidence the court reporter’s transcript of what occurred when Bruno changed his plea from not guilty to nolo contendere. He appeared before the circuit court with his counsel, who for him asked special permission to enter a plea of nolo contendere. Counsel thought that it was to defendant’s best interest to so plead. The following colloquy then occurred (with two co-in-dictees also present) :
THE COURT: Has it been specifically explained to you that should this Court accept your plea of nolle contendere that you understand that when that plea is accepted for the purpose of sentence it is accepted on the same basis as a plea of guilty and sentence to be imposed specifically as if it were a plea of guilty? Do you understand that, each of you ?
MR. BRUNO: Yes, sir. * * *
THE COURT: Mr. McKenzie, have you and Mr. Hamer explained to these men their Constitutional rights?
MR. McKENZIE: Yes, sir, Your Honor.
MR. McKENZIE: We explained that they did not have to take our recommendation; it was their right to have a trial with a jury, and all other rights that they had but we advised them under the existing circumstances — I will not labor over them — that we felt it was in their best interest to enter a plea of nolle contendere.
THE COURT: The Court is going to accept the recommendation of the State and the Court is going to accept the plea of nolle contendere on the basis that sentence may be imposed on the same basis as if it were a plea of guilty and, therefore, each of these Defendants are hereby sentenced to serve five (5) years in the State Penitentiary.
Appellant contends that this was not admissible in evidence, and that the court must decide the habeas corpus petition solely upon the indictments and the court’s judgment and commitment. We do not agree. On many occasions in re *569 cent years this Court has stated that trial courts should have recorded everything which occurs at an arraignment or other pleading stage. The circuit court had that done in this instance. This evidence is of probative value on the key issue, as to whether Bruno understood his plea, had consulted with and received the opinion of counsel, and intelligently and knowingly pleaded as he did.
I. NOLO CONTENDERE PLEA NOT AVAILABLE IN FELONIES
There are two Mississippi cases discussing the plea of nolo contendere. Chester v. State, 107 Miss. 459, 65 So. 510 (1914), involved a conviction for a misdemeanor, the unlawful keeping for sale of intoxicating liquors. Over objection of defendant, the state introduced evidence that defendant had been charged in city police court with keeping liquor for sale in violation of a city ordinance, based on the same facts involved in the state prosecution, and that her plea was nolo contendere and the city court imposed a fine. The state also obtained an instruction that, if the jury believed that this occurred, such a plea is an implied confession of guilt. The conviction was reversed. The Court held that a nolo contendere plea is “only a limited admission of the charge,” not a general confession of guilt :
By the plea she only waived her right to contest the truth of the charge against her and submitted to the punishment. In the particular case, the prosecution against her in the city court, the plea was effective just as if she had pleaded guilty, but it is not binding upon her, nor does it have any effect beyond that particular case. (107 Miss, at 461, 65 So. at 510).
The Chester opinion quoted from other cases and textbooks, stating in substance that a plea of nolo contendere has the same legal effect as a plea of guilty, as to the particular case, and that it was pleadable only by leave of court and in light misdemeanors.
In Williams v. State, 130 Miss. 827, 94 So. 882 (1922), defendant was charged with selling obscene literature, pleaded nolo con-tendere, and a nominal fine was imposed. The conviction was affirmed. With reference to this type of plea, the Court said:
It was proper for the court to enter judgment against the defendant upon his plea of nolo contendere. In 1 Bishop’s New Criminal Procedure, § 802, it is stated that:
“This plea is the defendant’s declaration in court that he will not contend with the prosecuting power. It is pleadable only by leave of court, and in light misdemeanors. The difference between it and guilty appears simply to be that, while the latter is a confession binding the defendant in other proceedings, the former has no effect beyond the particular case. It simply justifies the court in imposing its sentence.” (130 Miss, at 844, 94 So. at 884).
Both Chester and Williams involved petty misdemeanors. They held that the plea of nolo contendere is available in a petty or light misdemeanor case, by leave of court, and that it has no effect beyond the particular case. Although indicating that the plea was available only in petty misdemeanors, they did not involve a decision as to its availability to a felony charge. However, neither Chester nor Williams considered the pertinency of Mississippi statutes, which we think are controlling as to felonies.
Mississippi Code 1942 Annotated section 2564 (1956) provides:
A person indicted for a criminal offense shall not be convicted thereof, unless by confession of his guilt in open court or by admitting the truth of the charge against him by his plea, or by the verdict of a jury accepted and recorded in court; and a person charged with an offense shall not be punished therefor unless legally convicted thereof in a court having jurisdiction of the cause and of the person.
*570 Mississippi Code 1942 Annotated section 2504 (1956) states:
If the defendant, on arraignment, refuse or neglect to plead, or stand mute, the court must cause the plea of “not guilty” to be entered, and the trial to proceed.
Section 2564 restricts a conviction to three situations: (1) “Confession of his guilt in open court,” which means a confession by the accused at any time during his trial; (2) “admitting the truth of the charge against him by his plea,” signifying a plea of guilty on arraignment; (3) “or by the verdict of the jury accepted and recorded in court.” Section 2564, by restricting and designating the circumstances under which a person can be “legally convicted,” effectively excludes the use of a plea of nolo contendere on a felony charge. Moreover, under section 2504, if the defendant fails to plead, the court is required to enter a plea of not guilty.
This interpretation of code section 2564 is consistent with its terms, a fair and careful administration of criminal justice, and the general traditions among the bench and bar of this state.
The historical background and development of the plea of nolo contendere in England and in this country have been treated in a multitude of treatises and judicial opinions. See, for example, 21 Am.Jur.2d, Criminal Law §§ 497-502 (1965); 22 C.J.S. Criminal Law § 425 (1961) ; 4 Anderson, Wharton’s Criminal Law and Procedure § 1903 (1957); Annot. 152 A.L.R. 253 (1944), and 89 A.L.R.2d 540 (1963).
Moreover, even if the statute did not preclude a nolo contendere plea in a felony case, we can see no sound reason of public policy why it should be extended beyond a petty or slight misdemeanor. The plea is said to be sometimes used, with permission of the court, to avoid exacting an admission which could be used as an admis-trial and adverse publicity, or to protect sion in other potential litigation, to avoid respectable citizens who may sometimes become technically guilty of a violation of law. 21 Am.Jur.2d, Criminal Law § 497 (1965). Further, extension of the nolo contendere plea to felonies would probably make the fact of a conviction and sentence not available for use under a recidivist statute, or for purposes of impeachment of an accused’s testimony.
II. WAIVER OF OBJECTIONS BY BRUNO
In view of the transcribed testimony of what occurred at the pleading stage, when Bruno pleaded nolo contendere, we conclude that he knowingly and intelligently waived any objection to this issue of pleading and procedure. He was represented by competent counsel, and the record reflects that counsel advised the court that he had fully explained to Bruno his constitutional rights, including the right to a trial by jury. The court then asked Bruno as to whether it had been explained to him that, if it should accept his plea of nolo con-tendere, it would be accepted on the same basis as a plea of guilty, and that sentence could be imposed upon him as if it were a plea of guilty. To this question Bruno replied in the affirmative.
There is no evidence that Bruno did not understand the nature and significance of his plea, or the court’s interpretation of it, or the fact that he could be sentenced upon the plea as if it were a plea of guilty. On the contrary, the affirmative evidence introduced by the state shows full understanding by petitioner.
Thomas v. State, 200 Miss. 220, 26 So.2d 469 (1946), involved a conviction of manslaughter, which was affirmed. Defendant was not arraigned, and the trial proceeded through the state’s evidence. The Court held that an arraignment is not jurisdictional, may be waived by defendant, and is waived when he takes part in the trial without objection to the lack of arraignment. A party objecting to procedural errors or omissions, it was said, must do so specifically and promptly, so that they may be corrected, and in order to prevent *571 one taking advantage of a procedural objection which he did not specifically raise.
Thomas was followed in Lowe v. State, 201 Miss. 618, 30 So.2d 53 (1947). Defendant was indicted under two indictments for felonious assault on two persons. The state, without objection, introduced evidence covering both of the assaults, but elected to ask for a verdict only on the second indictment. Defendant, by participating fully in the trial without objecting to his arraignment, waived any claim that he was not arraigned on the indictment under which he was convicted but under the other indictment.
Similar principles are applicable in this instance. The record clearly reflects that Bruno intelligently and knowingly understood that on his plea of nolo contendere, upon permission of the court, the court would have the right to sentence him in this case just as if he had pleaded guilty. Having waived objection, he cannot at this late date complain of it. See, 21 Am.Jur.2d, Criminal Law § 457 (1965); 22 C.J.S. Criminal Law § 408 (1961).
Affirmed.
All Justices concur.