312 So.2d 7 (1975)
Robert H. KEYES
v.
STATE of Mississippi.
No. 48382.
Supreme Court of Mississippi.
May 5, 1975.
Martha Bergmark, Andalman, Bergmark & Ratcliff, Hattiesburg, for appellant.
*8 A.F. Summer, Atty. Gen. by Pete J. Cajoleas, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, ROBERTSON and SUGG, JJ.
ROBERTSON, Justice:
Robert H. Keyes was indicted, tried and convicted in the Circuit Court of the Second Judicial District of Jones County, Missippi Bureau of Narcotics. He was sen-Gross, an undercover agent of the Mississippi Bureau of Narcotics. H was sentenced to twelve years in the State Penitentiary.
The offense occurred on April 6, 1973, but he was not indicted until March 19, 1974. The trial was begun on April 3 and concluded on April 4, 1974. The testimony is conflicting:
State Narcotics Agents Henry Thompson and David Gross testified that on April 6, 1973, about 4:45 p.m., at a pool hall on Brown Street in Laurel, Mississippi, they were placed in contact with Keyes by a confidential informant; that after Thompson purchased a lid of marijuana from Keyes for $15, Agent Gross told Keyes he would like to purchase a lid. Keyes, Thompson and Gross went outside to Keyes' car, where Keyes removed several lids of marijuana from underneath the seat. Keyes laid out the lids of marijuana, and told Gross to pick one. Gross picked a lid of marijuana and paid him $15 for it.
Appellant's defense was that he was at Kinslow's house in Waynesboro on the afternoon of April 6, 1973, playing cards with three of his friends, McGilberry, Kinslow and Evans. Keyes' wife testified that he dropped her and their young daughter off at her mother's home in Laurel about 3:00 p.m., and that he picked them up about 9:00 that night. McGilberry testified that after dropping off Keyes' wife and daughter that Keyes and he proceeded to Waynesboro in Keyes' car, where they played cards until 9:00 that night. Kinslow also testified about playing cards with Keyes in Waynesboro. All of the defense witnesses were somewhat equivocal about the date of the card-playing in Waynesboro.
In view of the fact that we must reverse this case because the trial court committed fatal error in allowing the district attorney to cross-examine defendant about a conviction in a justice of the peace court for possession of marijuana, based on a plea of nolo contendere, which case had been appealed to the county court for a trial de novo, we will not discuss the other assignments of error unless they bear on this particular ground on which we reversed.
Mississippi Code Annotated Section 13-1-13 (1972) provides:
"Any witness may be examined touching his interest in the cause or his conviction of any crime, and his answers may be contradicted, and his interest or his conviction of a crime established by other evidence." (Emphasis added).
In Piassick v. United States, 253 F.2d 658 (5th Cir.1958), the Court of Appeals, Fifth Circuit, said:
"This Court has recently held that evidence of a plea of nolo contendere is not admissible either as an admission or as proof of guilt. Mickler v. Fahs, 5 Cir., 1957, 243 F.2d 515." 253 F.2d at 661.
After stating that Mickler was a civil case, whereas Piassick was a criminal case, the Court continued:
"We do not see how this difference between Mickler and this case calls for a different rule. Nolo contendere means, `I do not contest it.' It is, to be sure, a tacit confession of guilt, but solely for the purpose of the case in which it is entered. If it cannot be used in another case based on the same facts it would seem to follow, a fortiori, that it could not be used for collateral purposes in a case founded upon unrelated facts. See 22 C.J.S. Criminal Law § 425, p. 658; *9 Wigmore on Evidence, 3rd Ed., Vol. IV, pp. 52, 59, § 1066, and cases cited at Note 4 of the 1957 Pocket Supplement. The admission of this evidence requires a reversal." 253 F.2d at 661. (Emphasis added).
In the early case of Williams v. State, 130 Miss. 827, 94 So. 882 (1922), the only question involved was whether the trial court could find the defendant guilty where a plea of nolo contendere was made. In answering this question, this Court said:
"It was proper for the court to enter judgment against the defendant upon his plea of nolo contendere. In 1 Bishop's New Criminal Procedure, § 802, it is stated that:
`This plea is the defendant's declaration in court that he will not contend with the prosecuting power. It is pleadable only by leave of court, and in light misdemeanors. The difference between it and guilty appears simply to be that, while the latter is a confession binding the defendant in other proceedings, the former has no effect beyond the particular case. It simply justifies the court in imposing its sentence.'" 130 Miss. at 844, 94 So. at 884. (Emphasis added).
In the case at bar the conviction based on a plea of nolo contendere had been appealed to the county court for a trial de novo. The conviction in justice of the peace court was in that posture when the district attorney cross-examined the defendant about it.
In Harris v. State, 209 Miss. 141, 46 So.2d 91 (1950), some evidence of two previous convictions had been admitted before the jury, before the jury was retired and the trial court ruled that such evidence was inadmissible. This Court, in reversing, said:
"With reference to the third assignment of error,  cross-examination as to previous convictions,  we feel that enough of the substance of those cases had gone to the jury before it was retired to have prejudiced appellant's case before the jurors. It is true that such convictions are competent only as to the credibility of a defendant, but his credibility is very important to him. Evidence of the two convictions appealed to the circuit court were not competent. The circuit court tries such cases de novo,  it is as if the defendant had never been convicted, after proper appeal has been taken. On the circuit court trial, the jury is instructed that he is presumed to be innocent. The final ruling of the learned circuit judge was correct, but came too late to avoid prejudice to the defendant, we think." 209 Miss. at 148-49, 46 So.2d at 93. (Emphasis added).
In Murphree v. Hudnall, 278 So.2d 427 (Miss. 1973), (a civil case), we said:
"The witness testified that he had been charged with false pretense, had entered a plea of nolo contendere, and that the matter had been dropped. The order offered in this case was not a final order but was a record of the withdrawal of a plea of not guilty and entry of a plea of nolo contendere. The order then stated that the `defendant is found guilty of the charge of false pretense,' and deferred sentence until further order of the court. The order shows on its face that it is an interlocutory order. It is not known what final disposition was made of the case thereafter... . We hold that the correct rule is stated in City of Boston v. Santosuosso, 307 Mass. 302, 30 N.E.2d 278 (1940), where it was said that nothing less than a final judgment, conclusively establishing guilt, will satisfy the meaning of the word `conviction' as used in the statute of that state. See also Commonwealth v. Finkelstein, 191 Pa.Super. 328, 156 A.2d 888 (1959)." 278 So.2d at 428. (Emphasis added).
In the case at bar, the conviction in the justice of the peace court was not a final judgment since there was to be a trial de novo in county court. We could base *10 our decision to reverse on that ground alone, but we prefer to set at rest also the question of whether a final judgment based upon a plea of nolo contendere constitutes a conviction under Section 13-1-13.
The Supreme Court of Alabama aptly expressed our views in State v. Thrower, 272 Ala. 344, 131 So.2d 420 (1961), when it said:
"Just how the question comes up in a given case seems to be unimportant. The life line of the rule is that the record of such a conviction is limited to the case and only the case in which the plea is entered; it is, in fact, not a conviction at all on a plea of guilty, but is an adjudication on a declaration by the accused in open court that, for reasons personal to himself (and there could be many bona fide, honest ones) he prefers not only to stand mute with respect to answering the charge, but also will not contest the prosecution's efforts with respect to it." 131 So.2d at 423. (Emphasis added).
Georgia has also held that evidence of a previous conviction, based on a plea of nolo contendere, is inadmissible. See Clinkscales v. State, 104 Ga. App. 723, 123 S.E.2d 165 (1961).
We hold that evidence of a previous conviction, based on a plea of nolo contendere, is not admissible in another case. Also, the plea of nolo contendere is only available in light or petty misdemeanor cases, not in felony cases. See Bruno v. Cook, 224 So.2d 567 (Miss. 1969).
The district attorney was in error when he stated in his closing argument to the jury:
"This defendant ... in July, 1973, was convicted of possession of marijuana. He had laid tracks like a rabbit in the snow. He can't stay away from the stuff."
While we appreciate the fact that ours is an adversary system, prosecuting attorneys would do well to exercise some caution and discretion in making extreme statements in their arguments to the jury, if for no other reason than to save themselves, the defendant, the court, and the jury, the additional time, expense and effort involved in a retrial. After all, the defendant is entitled to a fair and impartial trial before a jury not exposed to abusive arguments appealing to their passions and prejudices.
The assignment of error on pre-indictment delay was answered adversely to the defendant in our opinion in Campbell v. State (No. 48,290), handed down March 10, 1975.
We find the other assignments of error to be without merit.
The judgment is reversed and this cause remanded for a new trial.
Reversed and remanded.
RODGERS, P.J., and PATTERSON, INZER, SMITH, WALKER and BROOM, JJ., concur.