HAWKINS, Presiding Justice,
for the Court:
The City of Corinth appeals from a judgment of the circuit court awarding Earnest E. Cox unemployment benefits under the Mississippi Employment Security Act. Because Cox was discharged following a plea of nolo contendere to an indictment for the sale of cocaine, we find this misconduct and that he was not entitled to unemployment benefits. We accordingly reverse and render judgment here for the City of Corinth.
FACTS
Earnest Cox was employed as a fireman with the City. He had been employed since 1978. His employment record with the City was excellent.
On January 24, 1987, Cox was indicted by a grand jury for the sale of cocaine. His name and the fact that he had been indicted was published in a local newspaper. The Board of Aldermen allowed Cox to continue to work as a fireman, but informed him that if he was found guilty or pled guilty, he would be terminated.
On January 29, 1988, Cox pled nolo con-tendere. The City terminated his employment on February 2, 1988.
Cox filed for unemployment benefits. The Mississippi Employment Service Commission (MESC) refused his request. The MESC held that Cox was terminated due to misconduct connected with his work.
Cox appealed to the Alcorn County Circuit Court which reversed the MESC’s decision. The Circuit Court held that a plea of nolo contendere was not proof of misconduct.
The City has appealed.
LAW
I. WAS COX ENTITLED TO UNEMPLOYMENT BENEFITS?
The purpose of providing unemployment benefits is set out in Miss.Code Ann. § 71-5-3 (1972):
*1143 As a guide to the interpretation and application of this chapter, the public policy of this state is declared to be as follows: Economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of this state. Involuntary unemployment is therefore a subject of general interest and concern which requires appropriate action by the legislature to prevent its spread and to lighten its burden.... The legislature, therefore, declares that it is considered judgment the public good and the general welfare of the citizens of this state require the enactment of this measure, under the police powers of the state, for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own. [Emphasis added]
See also, Mills v. Mississippi Employment Security Commission, 228 Miss. 789, 89 So.2d 727 (1956).
The circumstances in which a person would be disqualified for payment of unemployment benefits are set out in Miss.Code Ann. § 71-5-513 (Supp.1986). According to Miss.Code Ann. § 71-5-513(A) (Supp. 1986):
An individual shall be disqualified for benefits:
[[Image here]]
(l)(b) For the week, or fraction thereof, which immediately follows the day on which he was discharged for misconduct connected with his work....

[Emphasis added]

In Wheeler v. Arriola, 408 So.2d 1381 (Miss.1982), this Court cited Boynton Cab Co. v. Neubeck, 237 Wis. 249, 296 N.W. 636 (1941), which held:
[T]he term “misconduct,” as used in the unemployment compensation statute, was conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee.
408 So.2d at 1383.
Cox contends that misconduct must be both intentional and connected with his work. He claims that the facts surrounding his indictment and plea do not fall within the term misconduct. Furthermore, a plea of nolo contendere is not an admission of guilt. Cox states that he pled nolo contendere because he could not afford the expense of a criminal trial and he wanted to keep his job.
The City maintains that Cox’s actions did constitute misconduct connected with his employment. A local newspaper published the fact that he had been indicted for the sale of cocaine. Any activity involving a fireman and illegal drugs is “conduct evincing ... willful and wanton disregard of the employer’s interest” and is “in deliberate [violation] or disregard of standards of behavior which the employer has the right to expect from his employee.” Wheeler, supra.
A fireman is in a position requiring a great deal of responsibility. He must be able to respond to emergency situations. He cannot violate the trust of the citizens of Corinth. The City had no other choice but to fire Cox when he failed to clear his name.
Cox claims, however, that the City had no proof of his drug involvement. By pleading nolo contendere, he did not admit or deny guilt.
According to Black’s Law Dictionary 945 (5th ed. 1979) “nolo contendere” is defined as follows:
[A] plea in a criminal case which has a similar legal effect as pleading guilty. Hudson v. U.S., 272 U.S. 451, 455, 47 S.Ct. 127, 129, 71 L.Ed. 347 [1926]. Type of plea which may be entered with leave of court to a criminal complaint or indictment by which the defendant does not admit or deny the charges, though a fine or sentence may be imposed pursuant to it. The principal difference between a plea of guilty and a plea of nolo conten-dere is that the latter may not be used against the defendant in a civil action based upon the same acts. [Emphasis added]
*1144 In Fidelity-Phenix Fire Ins. Co. of New York v. Murphy, 166 So. 604 (Ala.1936), the Supreme Court of Alabama stated:
[The plea of nolo contendere] is allowable only upon leave and acceptance of the court, and when accepted becomes an implied confession of guilt for the purpose of that" case. [Emphasis added]
Id. at 609. Furthermore, in Dubuclet v. Division of Employment Security, 483 So.2d 1183 (La.Ct.App. 4th Cir.1986), a teacher was denied unemployment benefits after pleading guilty to possession of marijuana, even though the teacher pled under a statute in which the charge was dismissed and expunged. See also Annotation, Conduct or Activities of Employees During Off-duty Hours as Misconduct Barring Unemployment Compensation Benefits, 35 A.L.R.4th 691 (1985).
II. DID THE LOWER COURT ERR IN REVERSING THE DECISION OF THE MESC?
The scope of review for a circuit court in this situation is limited to questions of law.
In any judicial proceedings under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law. [Emphasis added]
Miss.Code Ann. § 71-5-531 (1972). See also, Wheeler, supra.
The lower court held that the plea of nolo contendere is not an admission of guilt, and thus there was no proof of misconduct.
Although the lower court did not err in restricting its scope of review to the legal determination of misconduct connected with work, it still erred in reversing the MESC. When the Board of Aldermen told Cox that he would be terminated if he pled guilty or was found guilty, they probably did not contemplate a plea of nolo conten-dere. Cox failed to clear his name. Regardless of the legal aspects of a plea of nolo contendere, it creates an implication of guilt. His reputation is still tainted. The citizens of Corinth deserve a fire department which they can trust.
The City board had no other choice but to terminate Cox’s employment. The City should not be responsible for the costs of hiring a replacement and paying Cox’s unemployment benefits when he was fired due to his own misconduct.
Accordingly, we reverse and render.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.