# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 95-IA-00607-SCT

*LEONARD BAILEY a/k/a LEONARD BAILEY, JR.*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/24/95 |
| TRIAL JUDGE: | HON. JOHN H. WHITFIELD |
| COURT FROM WHICH APPEALED: | STONE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MARK B. STRICKLAND |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEWITT ALLRED, III |
| DISTRICT ATTORNEY: | CONO CARANNA |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRM DENIAL OF MOTION TO DISMISS AND REMAND FOR FURTHER PROCEEDINGS - 11/26/97 |
| MOTION FOR REHEARING FILED: | 12/5/97 |
| MANDATE ISSUED: | 2/24/98 |

**BEFORE PRATHER, P.J., ROBERTS AND MILLS, JJ.**

**PRATHER, PRESIDING JUSTICE, FOR THE COURT:**

## I. **INTRODUCTION**

¶1. This interlocutory appeal arises from the indictment, under our State's implied consent statute, of Leonard Bailey for driving under the influence (DUI) as a felony third-time offender. *See* Miss. Code Ann. § 63-11-30 (Supp. 1996). The issue presented is the use of prior DUI convictions based on *nolo contendere* pleas for purposes of sentence enhancement on subsequent DUI charges. Specifically, the question is whether Bailey (who has previously entered pleas of *nolo contendere* to DUI-first offense and DUI-second offense) can be charged as a felony recidivist on his third charge of DUI.

¶2. This Court holds that the prior DUI convictions based on the *nolo contendere* pleas were valid

and can be used for purposes of enhancing the sentence under Mississippi's implied consent law. Therefore, the trial court's denial of Bailey's motion to dismiss the felony charge is affirmed, and this case is remanded for further proceedings.

## II. <u>STATEMENT OF THE CASE</u>

¶3. On November 4, 1991, Bailey entered a plea of *nolo contendere* to the charge of DUI- first offense. The Stone County Justice Court found Bailey guilty and fined him $350, plus court costs. On January 27, 1992, Bailey entered a plea of *nolo contendere* to the charge of DUI-second offense. The same court found Bailey guilty and fined him $950, plus court costs.

¶4. On August 24, 1994, Bailey was indicted in the Stone County Circuit Court for felony DUI as a third-time offender. He moved to dismiss the felony charge, and argued that his first two DUI convictions could not be used against him, because he had pled *nolo contendere* to the charges in both of the prior cases. The trial judge denied the motion to dismiss, but granted Bailey leave to file an interlocutory appeal. This Court granted Bailey's petition for interlocutory appeal on the following issues.

**A. WHETHER PRIOR MISDEMEANOR CONVICTIONS BASED UPON PLEAS OF *NOLO CONTENDERE* OF APPELLANT MAY BE USED AGAINST THE APPELLANT IN SUBSEQUENT CRIMINAL PROCEEDINGS PURSUANT TO WELL ESTABLISHED AND LONG STANDING CASELAW IN MISSISSIPPI?**

**B. WHETHER PRIOR MISDEMEANOR CONVICTIONS BASED UPON PLEAS OF *NOLO CONTENDERE* OF APPELLANT MAY BE USED AGAINST THE APPELLANT IN THE PRESENT CRIMINAL PROCEEDINGS PURSUANT TO *EX POST FACTO* PROHIBITIONS AND OTHER CONSTITUTIONAL GUARANTEES?**

## III. <u>LEGAL ANALYSIS</u>

**A. WHETHER PRIOR MISDEMEANOR CONVICTIONS BASED UPON PLEAS OF *NOLO CONTENDERE* OF APPELLANT MAY BE USED AGAINST THE APPELLANT IN SUBSEQUENT CRIMINAL PROCEEDINGS PURSUANT TO WELL ESTABLISHED AND LONG STANDING CASELAW IN MISSISSIPPI?**

¶5. The abstracts from Bailey's DUI-first offense and DUI-second offense cases indicate that the "DEFENDANT ENTERED A PLEA OF: <u>NOLO CONTENDERE</u>" and that the "JUDGEMENT OF THE COURT" was "<u>GUILTY</u>". The question is, whether the judgments of the trial court in these previous cases were "convictions" for purposes of Mississippi's implied consent statute -- which provides that a third DUI "conviction" in a five-year period is a felony:

> (1) It is unlawful for any person to drive or otherwise operate a vehicle within this state who (a) is under the influence of intoxicating liquor

> * * *

> (c) For any third or subsequent **conviction** of any person violating subsection (1) of this

section, the offenses being committed within a period of five (5) years, such person shall be guilty of a felony and fined not less than Two Thousand Dollars ($2,000.00) nor more than Five Thousand Dollars ($5,000.00) and shall be imprisoned not less than one (1) year nor more than five (5) years in the State Penitentiary.

Miss. Code Ann. § 63-11-30 (Supp. 1996) (emphasis added).

¶6. Although a general review of the law on *nolo contendere* is helpful, there is no Mississippi law on the question of whether judgments of guilty following *nolo contendere* pleas to DUI charges may be used to enhance punishment on a subsequent DUI charge.

¶7. **Black's Law Dictionary** defines the term "*nolo contendere*" as "the Latin phrase meaning 'I will not contest it' . . . ." **Black's Law Dictionary** 1048 (6th Ed. 1990). **American Jurisprudence** discusses the term "*nolo contendere*" as follows: "it is difficult to define the exact nature of a plea of nolo contendere, but regardless of the label attached, it seems that **for practical purposes a plea of nolo contendere is a plea of guilty or the equivalent thereof**." *21 American Jurisprudence 2d* Criminal Law § 492 (footnotes omitted) (emphasis added).

¶8. Bailey argues that the use of his prior *nolo contendere* pleas to enhance his punishment in this case would violate established Mississippi caselaw. Clearly, Mississippi law prohibits the admission of a plea of *nolo contendere* in a related civil action or for purposes of impeachment. *Keyes v. State*, 312 So. 2d 7 (Miss. 1975); *Bruno v. Cook*, 224 So. 2d 567 (Miss. 1969); *Williams v. State*, 94 So. 882 (Miss. 1922); *Chester v. State*, 65 So. 510 (Miss. 1914). Furthermore, M.R.E. 410 prohibits the admission of a plea of *nolo contendere* in any subsequent criminal or civil action. However, these cases and this evidentiary rule do not address the use of a conviction based upon a plea of *nolo contendere* for purposes of sentence enhancement.

¶9. Furthermore, this Court discussed the ramifications of a conviction based upon a plea of *nolo contendere* in *City of Corinth v. Cox*, 565 So. 2d 1142 (Miss. 1990). In *Corinth*, the question was: whether a firefighter who pled *nolo contendere* and was convicted on charges of selling drugs had committed misconduct such that he was disqualified from receiving unemployment benefits. This Court ultimately answered that question affirmatively, and discussed the implications of a *nolo contendere* plea, as follows:

> According to *Black's Law Dictionary* 945 (5th ed. 1979) "nolo contendere" is defined as follows:
>
> [A] plea in a criminal case which has a *similar legal effect as pleading guilty. **Hudson v. U.S.**, 272 U.S. 451, 455, 47 S.Ct. 127, 129, 71 L.Ed. 347 [1926]. Type of plea which may be entered with leave of court to a criminal complaint or indictment by which the defendant does not admit or deny the charges, though *a fine or sentence may be imposed pursuant to it*. The principal difference between a plea of guilty and a plea of nolo contendere is that the latter may not be used against the defendant in a civil action based upon the same acts. [*Emphasis added*]
>
> In *Fidelity-Phenix Fire Ins. Co. of New York v. Murphy*, 166 So. 604 (Ala.1936), the Supreme Court of Alabama stated:

> [The plea of nolo contendere] is allowable only upon leave and acceptance of the court, and when accepted becomes an *implied confession of guilt* for the purpose of that case. [*Emphasis added*]

> *Id.* at 609.

*Corinth*, 565 So. 2d at 1143-44.

¶10. Thus, Mississippi caselaw prohibits the admission of *nolo contendere* plea in some contexts, and allows the consideration of the *nolo contendere* plea in at least one context. In addition, it is noteworthy that the Mississippi statutes for many professions provide for disciplinary action based on pleas *nolo contendere* -- just as if the professional had pled guilty or been found guilty by a jury. *See, e.g.,* Miss. Code Ann. §§ 37-3-2 (public school teachers); 73-15-29 (nurses); 73-19-23 (optometrists); 73-38-27 (speech pathologists and audiologists); 83-57-39 (insurance salespersons). *See also* Miss. Code Ann. § 17-17-505 (applicants for solid waste permits may be rejected for pleas of *nolo contendere* to certain crimes). This rule also applies to attorney discipline cases, such that an attorney may be automatically disbarred for pleading guilty or pleading *nolo contendere* to certain crimes. Rules of Discipline for the Mississippi State Bar, Rule 6.

¶11. Furthermore, Mississippi statutes on municipal court powers provide that (upon the entry of a plea of *nolo contendere*) municipal judges "shall convict" a defendant "of the offense charged and shall proceed to sentence the defendant according to law." The conviction may be appealed "as in other cases." Miss. Code Ann. § 21-23-7 (8). No corresponding statute appears to be in place for Justice Courts (such as the one in which Bailey originally pled *nolo contendere*). Thus, defendants who plead *nolo contendere* in municipal court would be convicted by statute. A different result by operation of caselaw in justice court would raise serious Equal Protection issues.

¶12. Moreover, this Court has applied the enhanced DUI sentencing structure fairly stringently, regardless of the circumstances of the underlying convictions. For example, an accused's previous DUI convictions made without the benefit of counsel and not resulting in a prison sentence can be used to enhance the penalty in later DUI cases. *Ghoston v. State*, 645 So. 2d 936, 938-39 (Miss. 1994); *Sheffield v. City of Pass Christian*, 556 So. 2d 1052, 1053 (Miss. 1990). The reason being that the prior convictions were "constitutionally valid in and of themselves" and would still be valid for the purpose of enhancing punishment under the DUI statutes. *Sheffield*, 556 So. 2d at 1053. Furthermore, this Court has referred to the judgment following the acceptance of the *nolo contendere* plea as a conviction. *See Sanchez v. City of Picayune*, 656 So. 2d 92 (Miss. 1995).

¶13. In addition, other jurisdictions considering this question have determined that a *nolo contendere* plea may be used to enhance punishment on a subsequent plea. *See Snyder v. State*, 879 P. 2d 1025, 1031 (App. Ct. Alaska 1994) ("the only forbidden consequence of a nolo plea is its use as an admission in a civil action . . . all other uses of the conviction are permissible as if the plea were of guilty. . . . In sentencing [the defendant] as a fourth DWI offender the court did not purport to find that he had admitted previous incidents of DWI; rather, it relied on the fact that he had previously been convicted of the offense.") (overruled on other grounds in *Snyder v. State*, 930 P. 2d 1274 (Alaska 1996)); *In re: Lewis*, 209 N.W. 2d 203, 209 (Mich. 1973); *State v. Staples*, 124 A. 2d 187, 189 (N.H. 1956). *See also United States v. One Lot of Eighteen Firearms*, 325 F. Supp. 1326, 1328 (D. N.H. 1971) (possession of firearms by felon case where conviction of underlying felony was

satisfied by *nolo contendere* plea). Furthermore, in the context of determining habitual offender status, the majority view is that a judgment based on a *nolo contendere* plea is a conviction. ***State v. Goodwin***, 593 P. 2d 326, 328-9 (Colo. 1979).

¶14. There are, however, two distinct views among other jurisdictions that have considered similar cases:

> The majority position differentiates between allowing the collateral use of a nolo contendere plea as an admission of misconduct and allowing the collateral use of the fact of a conviction. This position preserves the benefits of the nolo contendere plea to a defendant who fears subsequent civil liability based upon an admission of guilt to a criminal charge. At the same time, however, the majority position looks to the conviction and sentence imposed by the court after the plea and finds the conviction as conclusive as a conviction entered after a plea of guilty or entered after a trial and a plea of not guilty.

> In contrast, the minority position reasons that a plea of nolo contendere and any conviction entered on the plea has no effect beyond the instant criminal proceedings. 'If the plea itself could not be used in any collateral matter, it follows that anything growing out of that plea * * * could not be used as a conviction if the plea itself is deprived of that classification.' To use a conviction collaterally would be tantamount in the minority view to an admission of guilt, precisely that result which the plea of nolo contendere is intended to avoid.

> * * *

> There is no compelling reason to differentiate between a conviction entered after a nolo contendere plea and a conviction entered after any other plea.

*Lewis*, 209 N.W. 2d at 209 (citations omitted).

¶15. This Court finds the majority view to be persuasive. Therefore, Bailey's prior convictions for DUI-first offense and DUI-second offense (even though based upon pleas of *nolo contendere*) are convictions for purposes of sentence enhancement in this subsequent DUI case, prosecuted under Mississippi's implied consent statute.

**B. WHETHER PRIOR MISDEMEANOR CONVICTIONS BASED UPON PLEAS OF *NOLO CONTENDERE* OF APPELLANT MAY BE USED AGAINST THE APPELLANT IN THE PRESENT CRIMINAL PROCEEDINGS PURSUANT TO *EX POST FACTO* PROHIBITIONS AND OTHER CONSTITUTIONAL GUARANTEES?**

¶16. Bailey next contends that the use of the *nolo contendere* pleas to enhance punishment in this case would violate the *ex post facto* clause of the federal and State constitutions.

> Article I, § 9, Clause 3 of the United States Constitution states "No Bill of Attainder or ex post facto Law shall be passed." Article I, § 10, Clause 1 of the United States Constitution prohibits a state from passing *ex post facto* laws, stating "No State shall ... pass any ... ex post facto Law...." The State of Mississippi adopted this prohibition in its Constitution in Article 3, § 16 stating, "Ex post facto laws ... shall not be passed."

The United States Supreme Court has interpreted Article I, § 10 of the United States Constitution to forbid the enactment of any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time the act was committed.

In accordance with this original understanding, we have held that the Clause is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts. The United States Constitution forbids the application of any new punitive measure to a crime already consummated.

The Supreme Court has held that the purpose of the Ex post facto Clause is to assure that legislative acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed and to restrict governmental power by restraining arbitrary and potentially vindictive legislation. A statute may violate the Ex post facto Clause even if it alters punitive conditions outside the sentence or where it substantially alters the consequences attached to a crime already completed, and therefore changes the quantum of punishment.

*Puckett v. Abels*, 684 So. 2d 671, 673 (Miss. 1996) (citations omitted) (internal quotation marks and other punctuation omitted).

¶17. The statute regarding third-offense DUI charges has not been changed such that Bailey would be receiving a stronger punishment than that enumerated in the statute at the time Bailey committed his third DUI. That is not the issue here; and, therefore, the *ex post facto* analysis is inapplicable.

¶18. Furthermore, in a similar context, this Court held that crimes committed before the habitual offender statutes were enacted could be used to enhance penalties for crimes committed after the statute was enacted, without violating the *ex post facto* constitutional provisions.

The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.

*Smith v. State*, 465 So. 2d 999, 1003 (Miss. 1985). Therefore, Bailey's argument on this point is without merit.

## IV. <u>CONCLUSION</u>

¶19. This Court holds that a judgment based on a plea of *nolo contendere* is a conviction for purposes of interpreting the implied consent statute. Furthermore, Bailey's contention that an *ex post facto* violation has occurred is without merit. Therefore, the judgment of the trial court denying Bailey's motion to dismiss the felony portion of the indictment is affirmed. The indictment stands, and this case is remanded for further proceedings thereunder.

¶20. **DENIAL OF MOTION TO DISMISS AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS.**

**PITTMAN, BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR. SULLIVAN, P.J.,**

**DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE, C.J., AND McRAE, J. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J.**

**SULLIVAN, PRESIDING JUSTICE, DISSENTING:**

¶21. This Court, by citing to two other Mississippi cases, stated, "the plea of nolo contendere is available in a petty or light misdemeanor case, ... that it has no effect beyond the particular case." **Bruno v. Cook,** 224 So. 2d 567, 569 (Miss. 1969) (*citing **Williams v. State,*** 130 Miss. 827, 94 So. 882 (1922) and **Chester v. State,** 107 Miss. 459, 65 So. 510 (1914)).

¶22. The case law in this state, is that "evidence of a previous conviction, based on a plea of nolo contendere, is not admissible in another case." **Keyes v. State,** 312 So. 2d 7, 10 (Miss. 1975). The Court in **Keyes** held that a final judgment based upon a plea of nolo contendere does not constitute a conviction under Miss. Code Ann. § 13-1-13 (1972). *Id.* at 10. This same conclusion is equally relevant to Miss. Code Ann. § 63-11-30 (1996). Under existing law, a conviction, based on a plea of nolo contendere, can not be used to enhance punishment under Miss. Code Ann. § 63-11-30 (1996), and therefore I respectfully dissent.

**LEE, C.J., AND McRAE, J., JOIN THIS OPINION.**

**McRAE, JUSTICE, DISSENTING:**

¶23. A nolo contendere plea does not admit guilt; rather, it merely communicates to the court that the criminal defendant does not wish to contest the State's accusations and will acquiesce in the imposition of punishment. To the extent a nolo contendere plea is an implicit admission of guilt, it is such an admission only for the purposes of the criminal proceeding in which the plea is entered. "Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions: . . .(2) a plea of nolo contendere." Miss. R. Evid. 410. Miss. R. Evid. 803 (22) states that evidence of a final judgment, entered after a trial or upon a plea of guilty, may be used to prove a fact essential to sustain the judgment and is not excluded by the hearsay rule. Nonetheless, Miss. R. Evid. 803(22) explicitly states that evidence of a plea of nolo contendere *is* excluded by the hearsay rule. As a result, a conviction based on a nolo contendere plea cannot form the basis of enhancement for recidivist purposes, since it can have neither an estoppel effect nor be used as substantive evidence in a subsequent criminal proceeding.

¶24. Further recognizing that the issue in this case is much like the one presented and resolved in **Keyes v. State**, 312 So. 2d 7, 10 (Miss. 1975), I join Justice Sullivan's dissenting opinion.

**SULLIVAN, P.J., JOINS THIS OPINON.**