# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-01269-COA

**CURLEY HUNTER A/K/A CURLEY LEE HUNTER A/K/A CURLEY L. HUNTER**                                    APPELLANT

v.

**STATE OF MISSISSIPPI**                                    APPELLEE

DATE OF JUDGMENT:               10/21/2022
TRIAL JUDGE:                    HON. SMITH MURPHEY
COURT FROM WHICH APPEALED:      TATE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         CURLEY HUNTER (PRO SE)
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: ASHLEY LAUREN SULSER
NATURE OF THE CASE:             CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                    AFFIRMED - 02/13/2024
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., McDONALD AND SMITH, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     Curley Hunter, pro se, appeals the Tate County Circuit Court's denial of his motion for post-conviction relief (PCR) as untimely. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In March 1998, Hunter had been confined for several weeks in the Tate County jail in Senatobia, Mississippi, on the charges of burglary of a dwelling, armed robbery, kidnapping, rape, and sexual battery. On March 5, 1998, the day after Hunter was indicted on these charges, he escaped from jail and was at large until December 1998. Once back in custody, in January 1999, the district attorney charged Hunter under an amended bill of

information with felony jail escape as a nonviolent habitual offender.[1] Hunter filed a waiver of his right to have this charge presented to the grand jury, petitioning the trial court to proceed under a bill of information and to enter a plea of guilty.

¶3.     On January 29, 1999, Hunter pleaded guilty to three charges stated in the amended bill of information: burglary of a dwelling, sexual battery, and felony jail escape.  The trial court sentenced him as a nonviolent habitual offender to twenty-five years for the burglary charge, twenty-five years for the sexual battery charge, and three years for the jail escape charge in the custody of the Mississippi Department of Corrections (MDOC).  The burglary and sexual battery sentences were ordered to be served concurrently with one another, with the jail escape sentence ordered to run consecutively to those two sentences.

¶4.     Over twenty years later, in June 2022, Hunter filed a PCR motion, arguing that his conviction was improper because of a "constitutionally defective" amended bill of information that was not signed or notarized, nor did it include the phrase "against the peace and dignity of the State."[2]  Further, he claimed that his sentence as a habitual offender was illegal.

¶5.     In October 2022, the trial court denied Hunter's PCR motion as without merit and untimely and ruled that no exceptions to the time bar applied.  Hunter filed an untimely

---

[1]  Hunter had three prior felony convictions: armed robbery in 1976 and two counts of aggravated assault with a firearm in 1981.

[2]  Hunter did not attach to his PCR motion the amended bill of information; instead, he attached the court's judgments and an unsigned "Waiver of Right to Grand Jury Procedure and Petition to Proceed on Information and to Enter a Plea of Guilty."  However, another waiver/petition that is signed and notarized is in the record on appeal.

notice of appeal, but this Court suspended the Rules of Appellate Procedure and allowed Hunter's appeal to proceed. M.R.A.P. 2(c).

## STANDARD OF REVIEW

¶6.     In reviewing the trial court's denial or dismissal of a PCR motion, we will reverse the judgment only if the trial court's factual findings are clearly erroneous. We review conclusions of law de novo. *Hays v. State*, 282 So. 3d 714, 716-17 (¶5) (Miss. Ct. App. 2019) (quoting *Gunn v. State*, 248 So. 3d 937, 941 (¶15) (Miss. Ct. App. 2018)).

## ANALYSIS

¶7.     On appeal, Hunter argues that his "Amended Bill of Information" and "Waiver of Right to Grand Jury Procedure and Petition to Proceed on Information and to Enter a Plea of Guilty" are "constitutionally defective." Further, he claims his sentence is illegal due to the ex-post facto application of the nonviolent habitual offender statute, Mississippi Code Annotated section 99-19-81 (Rev. 2020). Hunter's arguments are time-barred and without merit.

### I.     Time-Bar

¶8.     The trial court correctly found Hunter's PCR motion was time-barred. Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), a PCR motion challenging a guilty plea must be filed within three years of the entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Rev. 2020). Hunter's PCR motion was filed in 2022, over twenty years after he pleaded guilty in 1999, and thus clearly time-barred. Further, Hunter does not assert that any of the statutory exceptions to the time-bar apply.

3

¶9.     To evade the time-bar, Hunter argues that his PCR claims are excepted because they involve fundamental rights—that the allegedly defective amended bill of information resulted in an illegal sentence.[3]  However, recently in *Howell v. State*, 358 So. 3d 613, 616 (¶12) (Miss. 2023), the Mississippi Supreme Court overruled the judicially created fundamental-rights exception developed in *Rowland v. State*, 98 So. 3d 1032 (Miss. 2012). Thus, Hunter's attempt to circumvent the time-bar based on a fundamental-rights-exception argument fails.  Statutory bar notwithstanding, we will briefly address the merits of his claims.

## II.     Claims

¶10.    Hunter argues his "sentencing instrument[s]" are constitutionally defective.[4] However, Hunter waived his indictment and pleaded guilty to the charges under the amended bill of information.  A bill of information serves as the functional equivalent of an indictment.  *McCullen v. State*, 786 So. 2d 1069, 1075 (¶12) (Miss. Ct. App. 2001). Hunter's guilty plea waived "all technical and non-jursidictional issues in a bill of information just as it does for such defects in an indictment." *Id.*

¶11.    Substantively, Hunter's arguments are without merit.  He claims his waiver omitted certain required phrases, his amended bill of information was improperly signed, and it did not give proper notice of the facts surrounding the charges.  We disagree.  Section 169 of

---

[3]  An illegal sentence and ex post facto claims have been recognized as such "fundamental rights."  *Boyd v. State*, 155 So. 3d 914, 918 (¶13) (Miss. Ct. App. 2014).

[4]  Hunter considers his "sentencing instruments" to be the waiver of indictment and the amended bill of information, as well as the original bill of information.

the Mississippi Constitution of 1890 states: "The style of all process shall be 'The State of Mississippi' and all prosecution shall be carried on in the name and by authority of 'The [S]tate of Mississippi', and all indictments shall conclude 'against the peace and dignity of the State.'" Hunter's waiver includes the style "the State of Mississippi," and the phrase "against the peace and dignity of the state" is not required for a waiver of indictment. Further, the bill of information was properly signed by the district attorney (*see* MRCrP 1.4(a)), and Hunter offers no authority that it must be signed by a "court official." Finally, the amended bill of information listed the essential facts and elements of felony jail escape and the two prior felonies Hunter committed (to apply the habitual offender sentence enhancement).

¶12. Hunter also argues that his sentence is illegal because of the "ex-post-facto" application of section 99-19-81 to his current charges. He contends his present sentences were enhanced with convictions that occurred before this statute was allegedly enacted. We disagree. The amended bill of information lists two separate cause numbers for Hunter's prior charges of aggravated assault with a firearm in Tate County, Mississippi, and sentence on April 29, 1981, to ten years and twenty years, respectively, in the custody of the MDOC. "Crimes committed before the habitual offender statutes were enacted [can] be used to enhance penalties for crimes committed after the statute was enacted, without violating the ex post facto constitutional provisions." *Bailey v. State*, 728 So. 2d 1070, 1074 (¶18) (Miss. 1997). Hunter's sentence enhancement was proper.

## CONCLUSION

5

¶13. The trial court did not err in denying Hunter's PCR motion as untimely. No exceptions to the time-bar applied, and the supreme court overruled any judicially created fundamental rights exception in *Howell*. Finally, his arguments regarding a defective waiver of indictment and the amended bill of information, as well as an illegal sentence, are without merit. Accordingly, we affirm the trial court's order.

¶14. **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**